**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESML Holdings Inc.,<br><br>Debtor,<br><br>Tax ID: 47-1818071 | Chapter 11<br><br>Case No. 16-11626 (BLS) |
| In re<br><br>Essar Steel Minnesota LLC,<br><br>Debtor,<br><br>Tax ID: 11-3678770 | Chapter 11<br><br>Case No. 16-11627 (BLS) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**11 U.S.C. §§ 105, 342(c)(1) FOR JOINT ADMINISTRATION OF CASES**

Essar Steel Minnesota LLC ("**ESML**") and ESML Holdings Inc. ("**Holdings**," and, together with ESML, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, file this motion (the "**Motion**") for joint administration of their respective chapter 11 cases for procedural purposes only and respectfully represent:

## I. BACKGROUND

1. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. To date, no trustee, examiner, or statutory creditors' committee has been appointed in the Chapter 11 Cases.

3. Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Sanjay Bhartia in Support of the First Day Motions and Applications* (the "**First Day Declaration**"),[1] filed contemporaneously herewith.

## II. JURISDICTION

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware on February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

6. By this Motion, pursuant to sections 105 and 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek joint administration of the Chapter 11 Cases for procedural purposes only and approval of the proposed caption attached hereto as **Exhibit 1** to the proposed order, which is attached hereto as **Exhibit A**.

[1] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the First Day Declaration.

## IV. BASIS FOR RELIEF

7. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the relief requested herein.

8. In addition, Local Rule 1015-1 provides, in pertinent part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

9. As provided in the First Day Declaration, joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and all parties in interest.

10. On the Petition Date, the Debtors commenced the two (2) Chapter 11 Cases by filing the appropriate petitions with this Court. Joint administration of the Chapter 11 Cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, orders, and other pleadings in these cases will affect both of the Debtors. Joint administration will permit counsel for all parties in interest to

include the Debtors' respective cases in a single caption on the many documents that will be filed and served in these cases. Joint administration also will enable parties in interest in each of the Chapter 11 Cases to be apprised of the various matters before the Court in all of these cases.

11. Because the Chapter 11 Cases involve more than one debtor, the entry of an order of joint administration will: (i) reduce the volume of paper that otherwise would be filed with the Clerk of the Court; (ii) simplify for the Office of the United States Trustee the supervision of the administrative aspects of the Chapter 11 Cases; (iii) render the completion of various administrative tasks less costly; and (iv) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases. Additionally, because this is *not* a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these Chapter 11 Cases, as each creditor may still file its claim against a particular estate or estates. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

12. Accordingly, the Debtors submit that joint administration of the Chapter 11 Cases is in their best interests, as well as those of their respective estates, creditors, and other parties in interest.

13. In addition, the Debtors request that the Court approve the form of caption (the "**Proposed Caption**") set forth as **Exhibit 1** to the proposed order which is attached hereto as **Exhibit A**. Section 342(c)(1) of the Bankruptcy Code provides that "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c)(1) of the Bankruptcy Code.

14. Finally, the Debtors request that a docket entry reflecting the joint administration, in the form set forth in the proposed order attached hereto, be made in each of the Debtors' Chapter 11 Cases.

## V. NOTICE

15. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 3; (ii) counsel to the Prepetition Secured Lenders; (iii) the holders of the twenty (20) largest unsecured claims against the Debtors (including counsel if known); and (iv) all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtors submit that in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## VI. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief that is just and proper.

Dated: July 8, 2016

Respectfully Submitted,

*/s/ L. John Bird*

Jeffrey M. Schlerf (DE No. 3047)
L. John Bird (DE No. 5310)
**FOX ROTHSCHILD LLP**
919 North Market Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
jschlerf@foxrothschild.com
jbird@foxrothschild.com

and

Thomas E Lauria (*pro hac vice* pending)
Matthew C. Brown (*pro hac vice* pending)
**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131-2352
Telephone: (305)-371-2700
Facsimile: (305) 385-5744
tlauria@whitecase.com
mbrown@whitecase.com

Craig H. Averch (*pro hac vice* pending)
Ron K. Gorsich (*pro hac vice* pending)
**WHITE & CASE LLP**
555 South Flower Street
Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
caverch@whitecase.com
rgorsich@whitecase.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESML Holdings Inc.,<br><br>Debtor,<br><br>Tax ID: 47-1818071 | Chapter 11<br><br>Case No. 16-11626 (BLS) |
| In re<br><br>Essar Steel Minnesota LLC,<br><br>Debtor,<br><br>Tax ID: 11-3678770 | Chapter 11<br><br>Case No. 16-11627 (BLS) |

**ORDER DIRECTING JOINT ADMINISTRATION OF CASES**

Upon consideration of the motion (the "**Motion**"),[1] dated July 8, 2016, of Essar Steel Minnesota LLC ("**ESML**") and ESML Holdings Inc. ("**Holdings**," and, together with ESML, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, for an order authorizing joint administration of the Chapter 11 Cases for procedural purposes only, as more fully set forth in the Motion, pursuant to sections 105 and 342(c)(1) of the Bankruptcy Code, Rule 1015(b) of the Bankruptcy Rules, and Rule 1015-1 of the Local Rules; and upon consideration of the *Declaration of Sanjay Bhartia in Support of First Day Motions and Applications* (the "**First Day Declaration**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

[1] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

1334; and consideration of the Motion and the relief requested therein being a core proceeding within the meaning of 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted, as provided herein.

2. The above-captioned Chapter 11 Cases be, and hereby are, consolidated for procedural purposes only and shall be jointly administered by the Court.

3. A docket entry shall be made in each of the Chapter 11 Cases substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Essar Steel Minnesota LLC and ESML Holdings Inc., and the docket in Case No. 16-11626 (BLS) should be consulted for all matters affecting this case."

4. Nothing contained in this Order or the Motion shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned Chapter 11 Cases.

5. Pleadings in these Chapter 11 Cases shall be required to bear a caption substantially in the form of the caption attached hereto as Exhibit 1.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to grant all other and further relief that is just and proper.

Dated: Wilmington, Delaware
July , 2016

________________________________________
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

Caption

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11626 (BLS)<br><br>(Jointly Administered) |

[1] The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.