## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1] | Case No. 16-11626 (BLS) |
| | (Joint Administration Requested) |
| Debtors. | |

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE
## DEBTORS TO FILE A CONSOLIDATED MASTER LIST OF CREDITORS

Essar Steel Minnesota LLC ("**ESML**") and ESML Holdings Inc. ("**Holdings**," and, together with ESML, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, file this motion (the "**Motion**") for the entry of an order, authorizing the Debtors to file a consolidated list of creditors in lieu of filing separate lists for each Debtor and respectfully represent:

### I.    BACKGROUND

#### A.    General Background

1.    On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770.  The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

2.    To date, no trustee, examiner, or statutory creditors' committee has been appointed in the Chapter 11 Cases.

3.    Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Sanjay Bhartia in Support of First Day Motions and Applications* (the "**First Day Declaration**"),[2] filed contemporaneously herewith.

## II.    JURISDICTION

4.    The court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware on February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    RELIEF REQUESTED

5.    By this Motion, pursuant to sections 105(a) and 521(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1001-1(c), 1007-2, and 2002-1(f)(v) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**"), authorizing the Debtors to file a consolidated master list of creditors in lieu of filing separate lists for each Debtor.

---

[2] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the First Day Declaration.

## IV.    BASIS FOR RELIEF

6.    Local Rule 1007-2 provides that in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."  Del. Bankr. L.R. 1007-2(a).

7.    Local Rule 2002-1(f)(v) requires each debtor in jointly administered cases to maintain a separate creditor mailing matrix.  *See* Del. Bankr. L.R. 2002-1(f)(v).  Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interests of justice." Id. at 1001-1(c).

8.    The Debtors submit that permitting them to file a consolidated list of creditors, rather than filing a separate creditor matrix for each Debtor, is warranted.  The Debtors do not presently maintain lists of the names and addresses of their creditors on a Debtor-specific basis.  Requiring the Debtors to segregate their creditor records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and would result in duplicate mailings.

9.    Concurrently with the Motion, the Debtors have filed an application for an order authorizing the retention and employment of Epiq Bankruptcy Solutions, LLC ("**Epiq**") as claims, noticing and balloting agent (the "**Claims Agent Application**").  If the Claims Agent Application is granted, Epiq will, among other things, complete the mailing of the applicable notices to the parties in the creditor matrix, as required by Bankruptcy Rule 2002.  After consultation with Epiq, the Debtors believe that filing a consolidated master list of creditors will enable Epiq to provide notice most efficiently to all entitled parties.

10.    The Court has granted similar relief to that requested herein since the modifications to Local Rule 2002-1(f)(v) took effect.  *See, e.g.*, *In re Ryckman Creek Resources, LLC*, Case No. 16-10292 (KJC) (Bankr. D. Del. Feb. 2, 2016) (authorizing filing of a

3

consolidated list of creditors in lieu of separate mailing matrices); *In re Swift Energy Company*, Case No. 15-12670 (MFW) (Bankr. D. Del. Dec. 31, 2015) (same); *In re Samson Resources Corporation*, Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 16, 2015) (same); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. May 2, 2014) (same); *In re The Dolan Co.*, Case No 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014) (same); *In re Sorenson Commc'ns, Inc.*, Case No 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same); *In re Physiotherapy Holdings, Inc.*, Case No. 13-12965 (KG) (Bankr. D. Del. Dec. 6, 2013) (same); *In re FAH Liquidating Corp. (f/k/a Fisker Auto Holdings, Inc.)*, Case No. 13-13087 (KG) (Bankr. D. Del. Nov. 26, 2013) (same); *In re Longview Power, LLC*, Case No. 13-12211 (BLS) (Bankr. D. Del. Sept. 3, 2013) (same); *In re Maxcom Telecomunicaciones S.A.B. de C.V.*, Case No. 13-11839 (PJW) (Bankr. D. Del. Aug. 15, 2013) (same).

## V.   NOTICE

11.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 3; (ii) counsel to the Prepetition Secured Lenders; (iii) the holders of the twenty (20) largest unsecured claims against the Debtors (including counsel if known); and (iv) all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtors submit that in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

12.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## VI.   CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

4

Dated:   July 8, 2016                     Respectfully Submitted,

                                          */s/ L. John Bird*
                                          Jeffrey M. Schlerf (DE No. 3047)
                                          L. John Bird (DE No. 5310)
                                          **FOX ROTHSCHILD LLP**
                                          919 North Market Street, Suite 300
                                          Wilmington, DE 19801
                                          Telephone: (302) 654-7444
                                          Facsimile: (302) 656-8920
                                          jschlerf@foxrothschild.com
                                          jbird@foxrothschild.com

                                          Thomas E Lauria (*pro hac vice* pending)
                                          Matthew C. Brown (*pro hac vice* pending)
                                          **WHITE & CASE LLP**
                                          Southeast Financial Center
                                          200 South Biscayne Boulevard
                                          Suite 4900
                                          Miami, Florida 33131-2352
                                          Telephone: (305)-371-2700
                                          Facsimile: (305) 385-5744
                                          tlauria@whitecase.com
                                          mbrown@whitecase.com

                                          Craig H. Averch (*pro hac vice* pending)
                                          Ron K. Gorsich (*pro hac vice* pending)
                                          **WHITE & CASE LLP**
                                          555 South Flower Street
                                          Suite 2700
                                          Los Angeles, California 90071
                                          Telephone: (213) 620-7700
                                          Facsimile: (213) 452-2329
                                          caverch@whitecase.com
                                          rgorsich@whitecase.com

                                          *Proposed Attorneys for the Debtors and Debtors in Possession*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1] | Case No. 16-11626 (BLS) |
| Debtors. | |

**ORDER AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
MASTER LIST OF CREDITORS**

Upon consideration of the motion (the "**Motion**"),[2] dated July 8, 2016, of Essar Steel Minnesota LLC ("**ESML**") and ESML Holdings Inc. ("**Holdings**," and, together with ESML, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, for entry of an order authorizing the Debtors to file a consolidated master list of creditors in lieu of filing separate mailing matrices for each Debtor, pursuant to section 105(a) and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rules 1001-1(c), 1007-2, and 2002-1(f)(v); and upon consideration of the *Declaration of Sanjay Bhartia in Support of First day Motions and Applications* (the "**First Day Declaration**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding within the meaning of 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having

---

[1] The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770.  The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

[2] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of

the Hearing and all of the proceedings had before the Court; and the Court having found and

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted, as provided herein.

2.    The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing

matrices be filed for each Debtor are permanently waived, and the Debtors are authorized to file

a consolidated master list of creditors.

3.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order and to grant all other and further relief that is just and proper.

Dated:  Wilmington, Delaware
        July    , 2016

_____
UNITED STATES BANKRUPTCY JUDGE