**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ESSAR STEEL  MINNESOTA  LLC  and ESML HOLDINGS INC.,[1] | Case No. 16-11626 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Related to Docket No. 69** |

**DECLARATION OF SANJAY BHARTIA
IN SUPPORT OF MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I)
AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING PURSUANT
TO 11 U.S.C. §§ 362 AND 364 AND (II) SCHEDULING FINAL HEARING**

I, Sanjay Bhartia, pursuant to 28 U.S.C. § 1726, hereby declare that the following is true and correct to the best of my knowledge:

1.      As is more fully described in the *Declaration of Sanjay Bhartia in Support of First Day Motions and Applications* [Dkt. No. 14] (the "**First Day Declaration**"),  I have been employed by Essar Steel Minnesota LLC as its Chief Financial Officer (the "**CFO**") since July 24, 2013.   In such capacity, I am generally familiar with the Debtors' business, day-to-day operations and financial affairs.

2.      I submit this declaration (the "**Declaration**") in support of the *Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 362 and 364 and (II) Scheduling Final Hearing* (the "**Motion**").[2]

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, reliance on certain information provided to me by certain of the

---

[1]      The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770.  The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Debtors' employees and professionals, my review of relevant documents or my opinion based upon my experience, knowledge and information concerning the operations and financial affairs of the Debtors.  If I were called to testify, I would testify competently to the facts set forth herein.

4.      I am generally familiar with the terms of the proposed DIP financing and understand that the DIP Facility provides for extensions of credit in the maximum principal amount of $35 million and that it will mature on March 31, 2017.  I further understand that, in exchange for providing the DIP Facility, the DIP Lender will be provided with reasonable protections considering the circumstances of these Chapter 11 Cases.  The DIP Facility will be secured by liens on all of the Debtors' assets and property (with certain exclusions), which liens shall be junior to any valid, enforceable non-avoidable liens on such property which existed as of the Petition Date.  The DIP Lender will also be provided superpriority claims with priority over all administrative claims in the Chapter 11 Cases.  Both the DIP Liens and the DIP Superpriority Claim will be subject and subordinate to a Carve-Out as described in the proposed Interim Order.

5.      As is more fully described in the Erickson Declaration and the First Day Declaration, the Debtors have been actively seeking new funding for the Project on both an out-of-court and in-court scenario for several months.   Ultimately, after considering the DIP financing package offered by certain of the Debtors' prepetition secured lenders and Strategic Partners Holdings Limited ("**SPHL**"), an affiliate of SPL Advisors LLC, or its designee, the Debtors determined that the DIP Facility provided by SPHL represented the best proposal available to the Debtors.

6.      As discussed in the First Day Declaration, ESML is not currently operating and, as of the Petition Date, had sufficient cash to continue to operate in the ordinary course of

business postpetition for approximately three weeks.  Without the DIP Facility, the Debtors will have insufficient funds to continue their operations or administer these Chapter 11 Cases and will be forced to liquidate their assets.  A liquidation of the Debtors' assets will likely have a significant negative effect on the amount that can be realized in respect of those assets as compared to continuing to maintain the business as a going concern through these chapter 11 proceedings and seeking the funds necessary to complete the Project.

7.      The Debtors require the use of the proceeds of the proposed DIP Facility in order (i) to provide working capital and for other general corporate purposes of the Debtors, (ii) to pay administration costs of these Chapter 11 Cases and claims or amounts authorized by order of this Court and (iii) to pay reasonable costs and expenses of the DIP Lender to the extent provided under the DIP Documents (subject to the notice and objection provisions set forth in the DIP Orders).  Debtors' use of the proceeds of the proposed DIP Facility will maintain and preserve the value of the Debtors' businesses, in all cases for the benefit of the Debtors' estates and creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 19, 2016

_____
Sanjay Bhartia
Chief Financial Officer
Essar Steel Minnesota LLC