IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 16-11626 (BLS) |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1] | (Jointly Administered) |
| Debtors. | Re: Docket Nos. 690, 691, 791, 792, 793, 794, 795, 808, 809, 810 and 811 |

**ORDER (I) APPROVING THE FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE CHAPTER 11 PLAN OF REORGANIZATION OF MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC) AND ESML HOLDINGS INC., (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN, (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE AND DISTRIBUTION THEREOF, (IV) ESTABLISHING PROCEDURES FOR VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS, AND (V) SCHEDULING A CONFIRMATION HEARING**

Upon the motion dated February 23, 2017 (the "**Motion**")[2] of the Debtors for entry of an order (i) approving the Disclosure Statement, (ii) approving the form of ballots and proposed solicitation and tabulation procedures for the Plan, (iii) approving the Solicitation Packages and prescribing the form and manner of notice and distribution thereof, (iv) establishing procedures for voting in connection with the Plan confirmation, and (v) scheduling a confirmation hearing on the Plan; and it appearing that the Court has jurisdiction over this matter; and due and proper notice of the Motion, Disclosure Statement, and Disclosure Statement Notice, having been given; and it appearing that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors and equity interest holders; and the Court having

---

[1] Essar Steel Minnesota LLC has changed its name to Mesabi Metallics Company LLC. The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

[2] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

determined after due deliberation that the Disclosure Statement contains adequate information, as such term is defined in section 1125 of the Bankruptcy Code; and sufficient cause appearing therefor, it is hereby ordered that:

1.    In accordance with section 1125 of the Bankruptcy Code and Rule 3017(b) of the Bankruptcy Rules, the Disclosure Statement is hereby approved.

2.    A hearing will be held to consider approval of the Bid Procedures (attached as **Exhibit E** to the Disclosure Statement, as amended) on **April 13, 2017 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Brenden L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom #1, Wilmington, Delaware, and any objections to the Bid Procedures shall be filed with the Court no later than **April 10, 2017 at 4:00 p.m. (Prevailing Eastern Time)**.

3.    In accordance with Bankruptcy Rule 3017(c), the date and time set as the deadline for voting on the Plan shall be **April 19, 2017 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Voting Deadline**").

4.    In accordance with Bankruptcy Rule 3018(c), a hearing to consider confirmation of the Plan and any objections that may be interposed (the "**Confirmation Hearing**") shall be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom #1, Wilmington, Delaware, commencing on **April 26, 2017 at 9:30 a.m. (Prevailing Eastern Time)**.

5.    The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing.

2

6.      In accordance with Bankruptcy Rules 3020(b) and 9006(c)(1), objections, if any, to the confirmation of the Plan (collectively, the **"Plan Objections"**) must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or equity interest of such party; (b) state with particularity the basis and nature of each objection to confirmation of the Plan; (c) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; and (d) be filed, together with proof of service, with the Court and served so as to be received no later than **April 17, 2017 at 4:00 p.m.** **(Prevailing Eastern Time)** (the **"Plan Objection Deadline"**), by the Court and the following parties: (a) Counsel for the Debtors: White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071-2433, Attn: Ronald K. Gorsich, Esq.; (b) Delaware Counsel for the Debtors: Fox Rothschild LLP, Citizens Bank Center, Suite 300, 919 North Market Street, Wilmington, Delaware 19801, Attn: Jeffrey M. Schlerf, Esq.; and (c) the Office of the United States Trustee, District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Linda Casey, Esq.

7.      Pursuant to Bankruptcy Rules 3017(c) and 3018(a), the date for purposes of determining the creditors entitled to vote on the Plan or, in the case of non-voting classes, for purposes of determining the creditors and equity interest holders entitled to receive certain non-voting materials, shall be March 13, 2017 (the **"Record Date"**).

8.      Any notices of claim transfers received by Epiq after the Record Date shall not be recognized for purposes of voting on the Plan.

9.      The following voting procedures (the **"Voting Procedures"**) are hereby approved:

        a.      If a claim is deemed allowed pursuant to the Plan, then such claim shall be allowed for voting purposes in the amount and

classification deemed allowed in the Plan;

b.   Except as otherwise provided herein and unless temporarily allowed for voting purposes by stipulation or an order of the Court, if a filed proof of claim asserts a claim in a wholly undetermined or unliquidated amount, then such claim shall be allowed for voting purposes as a general unsecured claim only in the amount of $1.00;

c.   Except as otherwise provided herein and unless temporarily allowed for voting purposes by stipulation or an order of the Court, if a filed proof of claim asserts a claim in a partially undetermined or unliquidated amount, then such claim shall be allowed for voting purposes only in the amount of the known or liquidated portion of the claim;

d.   Proofs of claim filed for $0.00 are not entitled to vote;

e.   If a claim has been estimated by an order of the Court, then such claim will be allowed for voting purposes in the amount approved by the Court, provided that such order is entered on or before the Voting Deadline;

f.   Unless temporarily allowed for voting purposes by stipulation or an order of the Court, if a claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, then such claim shall be disallowed for voting purposes;

g.   Notwithstanding anything else provided herein, if (i) the Debtors or another party in interest has objected to a claim by serving an objection, motion, adversary proceeding, or otherwise to the entirety of a claim on or before the date of the entry of the Disclosure Statement Order and (ii) the claim has not been temporarily allowed for voting purposes by stipulation or an order of the Court, then such claim shall be disallowed for voting purposes;

h.   Notwithstanding anything else provided herein, if (i) the Debtors or another party in interest has objected to a claim by serving an objection, motion, adversary proceeding, or otherwise to a portion of a claim on or before the date of the entry of the Disclosure Statement Order and (ii) such portion of the claim has not been temporarily allowed for voting purposes by stipulation or an order of the Court, then the claim shall be allowed for voting purposes only in the undisputed amount that is set forth in the pending

AMERICAS 92507516 (2K)

objection;

i.    Notwithstanding anything else provided herein, if (i) the Debtors or another party in interest has objected to a claim by serving an objection, motion, adversary proceeding, or otherwise to the classification of all or part of a claim on or before the date of the entry of the Disclosure Statement Order (including any requests to subordinate such claim) and (ii) such claim has not been temporarily allowed for voting purposes by stipulation or an order of the Court, then the claim shall be allowed for voting purposes only in the amount and classification that is set forth in the pending objection (if any);

j.    Notwithstanding anything else provided herein, if (i) the Debtors or another party in interest has objected to a claim by serving an objection, motion, adversary proceeding, or otherwise to a proof of claim based on the claim being asserted against the wrong debtor and (ii) such claim has not been temporarily allowed for voting purposes by stipulation or an order of the Court, then the claim shall be allowed for voting purposes only in the undisputed amount and against the appropriate debtor entity as set forth in the pending objection;

k.    Except as otherwise provided herein or otherwise provided by stipulation or an order of the Court, including the Disclosure Statement Order, the allowed amount of any proof of claim for voting purposes shall be the amount as docketed in the Claims Registry as of the Record Date;

l.    Unless otherwise provided herein or otherwise provided by stipulation or an order of the Court, for purposes of determining eligibility to vote, the classification of a claim shall be determined based on the classification as docketed in the Claims Registry as of the Record Date; provided, however, that any claims for which Epiq is unable to identify the classification shall be classified as general unsecured claims;

m.    Except as otherwise provided herein and unless temporarily allowed for voting purposes by stipulation or an order of the Court, if a single proof of claim has been filed against multiple Debtors (in contravention of the Bar Date Notice), then such claim shall be entitled to a single vote on the Plan with respect to such claim, against the Debtor indicated in the first filed proof of claim as docketed in the Claims Registry as of the Record Date;

n.    Except as otherwise provided herein and unless temporarily allowed for voting purposes by stipulation or an order of the Court,

if duplicate proofs of claim have been filed against one or more Debtors, then such claims shall be entitled to a single vote on the Plan with respect to such claims, against the Debtor indicated in the first filed proof of claim as docketed in the Claims Registry as of the Record Date;

o.  Except as otherwise provided herein, if proofs of claim have been filed against multiple Debtors based on claims for which only a single satisfaction would be permitted under applicable law (i.e., guarantee claims or claims for joint or joint and several liability), then such claims will be entitled to a single vote on the Plan with respect to such claims;

p.  If a claim is allowed pursuant to a Court-approved settlement (except for a claim that is temporarily allowed by stipulation or an order of the Court, which claim may vote so long as such stipulation or order temporarily allowing the claim is entered by the Voting Deadline) on or before five (5) days prior to the Voting Deadline, then such claim will be entitled to vote on the Plan in accordance with the terms of such settlement;

q.  Unless temporarily allowed for voting purposes by stipulation or an order of the Court, if a proof of claim asserts a claim that is not in U.S. dollars, such claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00;

r.  Unless temporarily allowed for voting purposes by stipulation or an order of the Court, if (i) a proof of claim was filed after the applicable Bar Date, (ii) the creditor did not obtain leave to file such late claim, and (iii) the proof of claim is not docketed in the Claims Registry as of the Record Date as an amendment of a timely filed claim, then such claim shall be disallowed for voting purposes;

s.  Unless otherwise temporarily allowed for voting purposes by stipulation or an order of the Court, if a proof of claim does not list a Debtor or the Debtor is unidentifiable on the proof of claim, then such claim shall be disallowed for voting purposes;

t.  Unless otherwise temporarily allowed for voting purposes by stipulation or an order of the Court, if a claim is disallowed pursuant to section 502(d) of the Bankruptcy Code or is equitably subordinated under the Bankruptcy Code, then such claim shall be disallowed for voting purposes;

u.  If the Debtors list a claim in their Schedules and the creditor filed a proof of claim superseding such scheduled claim, the scheduled

AMERICAS 92507516 (2K)

claim is deemed superseded in accordance with Bankruptcy Rule 3003(c)(4) and such scheduled claim shall be disallowed for voting purposes;

v.  If a union representative or plan administrator of an employee benefit program filed a claim on behalf of its constituents, then (i) such constituent creditor will only be entitled to vote its claim in the amount and classification set forth in the claim filed by the union representative or plan administrator and any other separate claim filed by a constituent creditor based upon the same facts and circumstances alleged in the claim filed by the union representative or plan administrator will be disallowed for voting purposes and (ii) the union representative or plan administrator will not be entitled to vote any amount on account of its proof of claim;

w.  If a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtors have objected to such earlier filed Claim;

x.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtor in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan; and

y.  In addition to the foregoing, the Debtors may seek an order of the Court disallowing a claim for voting purposes at any time prior to the commencement of the Confirmation Hearing.

10.  The Debtors and creditors may enter into stipulated settlements for the treatment of claims for voting purposes in lieu of the filing by a creditor of a motion or other pleadings by the Debtors seeking to reduce the amount of the creditor's claim for voting purposes (the "**Stipulations**").

11.  Debtors are authorized to file the Stipulations under a Certification of Counsel, pursuant to which if no objections are received to the Debtors' entry into a Stipulation within five (5) days of service of notice of the Stipulation, the Stipulation shall be deemed approved by the Court.

7

12.    The form of Ballots substantially in the form attached as **Exhibit B-1 – B-6** to the Motion, as amended, and the Ballots for Class 6 and Class 9 in the form attached to the *Notice of Filing of Revised and Blackline Exhibits to Motion of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc. for Entry of an Order (I) Approving Disclosure Statement Relating to the Chapter 11 Plan of Reorganization, (II) Approving Form of Ballots and Proposed Solicitation and Tabulation Procedures for the Plan, (III) Approving the Solicitation Packages and Prescribing the Form and Manner of Notice and Distribution Thereof, (IV) Establishing Procedures for Voting in Connection With the Plan Confirmation Process, and (V) Scheduling a Confirmation Hearing* [D.I. 795] (the "**First Notice of Filing**") are approved.

13.    The letter from the Committee to holders of Project Unsecured Claims and General Unsecured Claims, dated March 16, 2017, regarding the Plan (the "**UCC Letter**") is approved.

14.    Following approval of the Disclosure Statement, the Debtors shall distribute or cause to be distributed Solicitation Packages containing copies of the following:

a.    A CD-ROM containing (i) the Disclosure Statement (together with the Plan attached thereto); and (ii) the Disclosure Statement Order;

b.    The Confirmation Hearing notice, substantially in the form attached as **Exhibit C**, as amended (the "**Confirmation Hearing Notice**"), to the Motion;

c.    The applicable Ballot, substantially in the form attached as **Exhibits B-1 – B-6** to the Motion, as amended, and Ballots for Class 6 and Class 9 substantially in the form attached to the First Notice of Filing, and a pre-addressed postage pre-paid return envelope; and

d.    with respect to all holders of Project Unsecured Claims and General Unsecured Claims, a copy of the UCC Letter;

and such Solicitation Packages may also contain letters from the Debtors and/or other parties in interest urging creditors to vote in favor of the Plan.

15.    The Debtors shall mail the Solicitation Packages by no later than four (4) days after entry of this Order, or as soon as reasonably practicable thereafter (the "**Solicitation Date**"), absent further relief from the Court, to the following:

a.    Record holders of scheduled claims, as of the Record Date, to the extent that such claims (i) are listed in the Debtors' Schedules in an amount greater than zero and are not identified as contingent, unliquidated, or disputed; (ii) have not been superseded by a timely filed claim; and (iii) entitle the holder thereof to vote on the Plan; and

b.    Record holders of timely filed claims, as of the Record Date, to the extent that such claims (i) are the subject of timely filed proofs of claim; (ii) have not been disallowed, expunged, disqualified, or suspended prior to the Record Date; (iii) are not the subject of a pending objection as of the date set forth in this Order unless, notwithstanding being the subject of an objection, the Voting Procedures entitle such claimant to vote on the Plan in the manner set forth in the Voting Procedures; and (iv) entitle the holders thereof to vote on the Plan.

16.    If service by CD-ROM imposes a hardship for any creditor (e.g., the creditor does not own or have access to a computer or the Internet), the Debtors, upon request to Epiq at (646) 282-2500, shall deliver by first-class mail a paper copy of the documents included in the Solicitation Package at no cost to the creditor or equity holder within five (5) business days of receipt of such request.

17.    The Debtors shall distribute or cause to be distributed by the Solicitation Date, the Solicitation Package without a (i) Ballot or (ii) return envelope to (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the District Director of the Internal Revenue Service; (e) the Department of Justice; and (f) all parties requesting notice pursuant to Bankruptcy Rule 2002, not otherwise receiving a Solicitation Package.

18.    The Debtors shall be excused from distributing Solicitation Packages to those entities listed at addresses for which previous mailings have been returned as undeliverable,

AMERICAS 92507516 (2K)

unless the Debtors receive written notice of accurate addresses for such entities prior to the hearing to consider approval of the proposed Disclosure Statement.

19.    The following additional procedures with respect to the solicitation of votes on the Plan are hereby approved:

- Solicitation and Tabulation Agent:

  The Debtors will be using an agent for purposes of distributing Solicitation Packages and tabulating votes on the Plan. The Solicitation and Tabulation Agent will be responsible for the distribution of Solicitation Packages to, and tabulation of Ballots received from, the entities such agent solicited.

- Return of Ballots:

  Each claimant that has a Claim for which a Claim amount may be determined and which Claim is not treated as unimpaired under the Plan as of the Voting Deadline is entitled to vote to accept or reject the Plan. All Equity Interests are deemed to have rejected the Plan and, accordingly, no holders of Equity Interests are entitled to vote to accept or reject the Plan. All Ballots will be accompanied by return postage pre-paid envelopes addressed to be returned as directed. All Ballots must be *actually received* by the Solicitation and Tabulation Agent by the Voting Deadline. If Ballots are not *actually received* by the Solicitation and Tabulation Agent by the Voting Deadline, they will not be counted.

- Inquiries:

  All inquiries related to the Plan, the Disclosure Statement, and the Voting Procedures should be directed to Ronald K. Gorsich, Esq., counsel for the Debtors, at (213) 620-7700.

20.    The Debtors shall send to such holders of unimpaired claims in the Unimpaired Classes a notice of non-voting status, substantially in the form attached as **Exhibit D** to the Motion, as amended (the "**Notice of Non-Voting Status – Unimpaired Classes**"), which identifies the classes designated as unimpaired, informs the claimant of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and

AMERICAS 92507516 (2K)

Disclosure Statement may be obtained via the Internet at www.deb.uscourts.gov and http://dm.epiq11.com/ESM, or upon request to Epiq at (646) 282-2500.

21.     The Notice of Non-Voting Status – Unimpaired Classes satisfies the requirements of Bankruptcy Rule 3017(d), and accordingly, copies of the Disclosure Statement and schedules and exhibits thereto, including the Plan, which is attached as Exhibit A to the Disclosure Statement, need not be mailed to any holder of an unimpaired claim unless such party makes a specific request for the same.

22.     The Debtors shall send to such holders of equity interests that are not entitled to receive any distribution under the Plan in the Deemed Rejecting Class a notice of non-voting status, substantially in the form attached as **Exhibit E** to the Motion, as amended (the "**Notice of Non-Voting Status – Deemed Rejecting Class**" and, collectively with the Notice of Non-Voting Status – Unimpaired Classes, the "**Notices of Non-Voting Status**"), which identifies the class designated as being deemed to have rejected the Plan, informs the interest holder of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained via the Internet at www.deb.uscourts.gov and http://dm.epiq11.com/ESM, or upon request to Epiq at (646) 282-2500.

23.     The Notice of Non-Voting Status – Deemed Rejecting Class satisfies the requirements of Bankruptcy Rule 3017(d), and accordingly, copies of the Disclosure Statement and schedules and exhibits thereto, including the Plan, which is attached as Exhibit A to the Disclosure Statement, need not be mailed to any holder of an equity interest that has been deemed to have rejected the Plan unless such party makes a specific request for the same.

24.     The following procedures (the "**Tabulation Procedures**") are hereby approved:

      a.     Votes will be tabulated on a consolidated basis for each relevant class.

AMERICAS 92507516 (2K)

b.    A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

c.    Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall *not* be counted, unless otherwise ordered by the Court.

d.    Any Ballot that is illegible or contains insufficient information to permit identification of the claimant shall not be counted, unless otherwise ordered by the Court.

e.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with the Voting Procedures set forth in the Disclosure Statement Order and/or as set forth on the Ballot (as may be applicable).  Votes that are cast in any other manner shall *not* be counted, unless otherwise ordered by the Court.

f.    A holder of claims in more than one class must use separate Ballots for each class of claims entitled to vote to accept or reject the Plan.

g.    If multiple Ballots are received for a holder of claims voting the same claims, the last Ballot received, as determined by the Solicitation and Tabulation Agent from such holder prior to the Voting Deadline will be the Ballot that is counted.

h.    If multiple Ballots are received from different holders purporting to hold the same claim, in the absence of contrary information establishing which claimant held such claim as of the Record Date, the last Ballot received prior to the Voting Deadline will be the Ballot that is counted.

i.    If multiple Ballots are received from a holder of a claim and someone purporting to be his, her, or its attorney or agent, the Ballot received from the holder of the claim will be the Ballot that is counted, and the vote of the purported attorney or agent will *not* be counted, unless otherwise ordered by the Court.

j.    Except as otherwise provided herein or otherwise ordered by the Court, a Ballot that is completed, but on which the claimant did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan shall *not* be counted.

k.    Any Ballot that partially accepts and partially rejects the Plan shall *not* be counted, unless otherwise ordered by the Court.

AMERICAS 92507516 (2K)

l.   A holder of Claims shall be deemed to have voted the full amount of its claim or interest in each class and shall *not* be entitled to split its vote within a class.

m.   If no votes to accept or reject the Plan are received with respect to a particular class, such class is deemed to have voted to accept the Plan; *provided*, *however*, that such deemed acceptance shall not itself constitute at least one impaired class accepting the Plan sufficient to satisfy section 1129(a)(10) of the Bankruptcy Code, unless otherwise ordered by the Court.

n.   The Solicitation and Tabulation Agent shall not tabulate a vote received by facsimile, telecopy transmission, or electronic mail, unless otherwise ordered by the Court.

o.   For the purpose of voting on the Plan, the Solicitation and Tabulation Agent will be deemed to be in constructive receipt of any Ballot timely delivered to any address or designee that the Solicitation and Tabulation Agent designates for the receipt of Ballots cast on the Plan.

25.   Subject to any contrary order of the Court, and except as otherwise set forth in this Order, the Debtors, in their sole discretion, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, which waivers shall be documented in the vote tabulation certification prepared by the Solicitation and Tabulation Agent.

26.   Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that the superseding Ballot is received by the Solicitation and Tabulation Agent on or before the Voting Deadline.

27.   Unless otherwise agreed to by the Debtors, entities desiring to change their votes after the Voting Deadline may do so only with approval of the Court for "cause" pursuant to Bankruptcy Rule 3018(a) by filing a motion with the Court on or before the Plan Objection Deadline so that it may be heard and considered at the Confirmation Hearing.

AMERICAS 92507516 (2K)

28.    Not less than twenty-eight (28) days prior to the Plan Objection Deadline, the Debtors will cause the Confirmation Hearing Notice, substantially in the form attached as **Exhibit C** to the Motion, as amended, to be published once in the *Hibbing Daily Tribune*. Additionally, the Debtors will publish the Confirmation Hearing Notice electronically at www.deb.uscourts.gov and http://dm.epiq11.com/ESM.

29.    The forms of notice of the Confirmation Hearing in substantially the forms attached as **Exhibit C**, **Exhibit D**, and **Exhibit E** to the Motion, all as amended, are hereby approved.

30.    The provision of notice in accordance with the procedures set forth in this Order shall be deemed good and sufficient notice of the Confirmation Hearing, the Voting Deadline, and the Confirmation Objection Deadline.

31.    This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated:    March 17, 2017
          Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE

AMERICAS 92507516 (2K)