**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1] | Case No. 16-11626 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: June 26, 2017 at 10:00 a.m. EST**<br>**Objections Due: May 18, 2017 at 4:00 p.m. EST** |

**DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTION 1121(d) OF THE
BANKRUPTCY CODE, EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A
CHAPTER 11 PLAN**

Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) ("**Mesabi**") and

ESML Holdings Inc. ("**Holdings**," and, together with Mesabi, the "**Debtors**"), as debtors and

debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby

move this Court for entry of an order, pursuant to section 1121(d) of title 11 of the United States

Code (the "**Bankruptcy Code**"), extending (i) the period during which the Debtors have the

exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**"), by 180 days, through

and including October 31, 2017 and (ii) the period during which the Debtors have the exclusive

right to solicit acceptances of a chapter 11 plan (the "**Exclusive Solicitation Period**" and,

together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including

December 31, 2017, i.e., 60 days after the expiration of the Exclusive Filing Period, as extended.

In support of this motion (the "**Motion**"), the Debtors respectfully represent as follows:

---

[1] Essar Steel Minnesota LLC has changed its name to Mesabi Metallics Company LLC.  The last four digits of its federal taxpayer identification number are 8770.  The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

## PRELIMINARY STATEMENT

Since the initiation of their Chapter 11 Cases, the Debtors have been working diligently to develop a value-maximizing outcome for their stakeholders.  Indeed, the Debtors have made significant progress toward achieving their goal, including by proposing and soliciting a plan of reorganization, conducting an auction, selecting a new plan sponsor, negotiating and entering into revised and new agreements to secure the financing necessary to administer the Chapter 11 Cases through confirmation, and continuing negotiations and reaching agreements with certain mineral lessors.  The Debtors are continuing to make progress developing an amended plan of reorganization that improves recoveries and addresses concerns of many of the Debtors' key constituents.

The Debtors acknowledge that there remain a number of issues to address prior to confirmation, but firmly maintain that a chapter 11 reorganization is in the best interests of all parties involved.  The Debtors' exclusive periods to file and solicit a chapter 11 plan are set to expire on May 4, 2017 and July 5, 2017, respectively.  The Debtors believe that an additional extension of the Exclusive Periods will only increase the likelihood of a successful reorganization.  Without the protection of extended Exclusive Periods, however, the Debtors' prospect of reorganization could become significantly more difficult.

Under these circumstances, the Debtors respectfully submit that exclusivity can and should be extended, especially where the Debtors have made, and are continuing to make, meaningful headway in these Chapter 11 Cases.  To permit exclusivity to terminate at this point would jeopardize the work that the Debtors have accomplished to date, impede progress toward an exit from bankruptcy, and be an inefficient use of estate resources.  The Debtors' request to

extend exclusivity is well measured given the Debtors' continued progress in the Chapter 11 Cases and is without prejudice to any party that seeks to shorten such period.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware on February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order by the Court with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On July 8, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Cases.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly.

4.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On July 19, 2016, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the

"**Committee**") in these Chapter 11 Cases [D.I. 74].  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      The detailed factual background regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Sanjay Bhartia in Support of First Day Motions and Applications* (the "**First Day Declaration**") [D.I. 14].[2]

7.      On December 5, 2016, this Court entered an order granting Debtors' first motion to extend their exclusive periods to file a chapter 11 plan and solicit acceptances thereof [D.I. 581] (the "**First Extension Order**").  Pursuant to that order, the Debtors' exclusive periods to file and solicit their plan were extended to May 4, 2017 and July 5, 2017, respectively.

8.      On February 2, 2017, the Debtors filed their initial chapter 11 plan [D.I. 690] and the proposed disclosure statement in support thereof [D.I. 691].  Subsequently, on March 14, 2017, the Debtors filed the *First Amended Chapter 11 Plan of Reorganization for Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* [D.I. 791] and the disclosure statement in support thereof [D.I. 793] (as amended from time to time, the "**Disclosure Statement**").

9.      On March 16, 2017, the Court held a hearing on the adequacy of the Disclosure Statement (the "**Disclosure Statement Hearing**").  At the Disclosure Statement Hearing, subject to the modifications made on the record, the Court approved the Disclosure Statement. Following the Disclosure Statement Hearing, the Debtors filed a revised plan [D.I. 810] (the "**Plan**") and disclosure statement [D.I. 808] reflecting such modifications.

---

[2] Each capitalized term used but not otherwise defined herein shall have the meanings ascribed to such term in the First Day Declaration.

10. On March 17, 2017, the Court entered an order approving the Disclosure Statement [D.I. 817] (the "**Disclosure Statement Order**").

11. On March 20, 2017, pursuant to procedures approved in the Disclosure Statement Order, the Debtors solicited the Plan.

12. Since entry of the First Extension Order, the Debtors overcame significant hurdles and managed to make equally significant progress in negotiating and resolving numerous issues related to maximization of the value of the Debtors' estates. For example, among other things, the Debtors have:

  a. approved a disclosure statement and solicited a chapter 11 plan;

  b. negotiated and agreed to bid procedures intended to maximize the value of the Debtors' estates;

  c. held an auction and selected a new plan sponsor, Chippewa Capital Partners, LLC, committed to constructing and operating the Project (the "**New Sponsor**");

  d. negotiated the use of certain cash collateral to fund the Chapter 11 Cases through confirmation; and

  e. consensually, begun construction necessary to preserve the going concern value of the Debtors' estates.

13. Additionally, in coordination with the New Sponsor, the Debtors are in the process of completing a revised chapter 11 plan, which increases recoveries for certain stakeholders and resolves a number of concerns voiced by various parties in interest to the Chapter 11 Cases.

14. Importantly, the Debtors continue to work cooperatively with the Committee, the Prepetition Lenders, and now the New Sponsor to achieve the greatest possible outcome in these Chapter 11 Cases.

15.     Due to the circumstances described above, and by agreement of the parties in interest, the confirmation hearing originally scheduled for April 26, 2017 was adjourned and is now scheduled for May 22, 2017 at 11:00 a.m. (Prevailing Eastern Time).  The Debtors are working diligently in coordination with the New Sponsor, the Committee, and the Prepetition Lenders, as well as other parties in interest in the Chapter 11 Cases, to bring their revised plan to confirmation.  They accordingly bring this Motion to extend their Exclusive Periods.

## RELIEF REQUESTED

16.     By this Motion, the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A**, extending the Exclusive Filing Period by 180 days from May 4, 2017, through and including October 31, 2017, and extending the Exclusive Solicitation Period by 60 days after the expiration of the Exclusive Filing Period, as extended, through and including December 30, 2017.  The Debtors also request that such extension be without prejudice to their rights to request further extensions or to seek other appropriate relief.

## BASIS FOR RELIEF

17.     Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan.  If a debtor files a plan within the 120-day exclusive filing period, section 1121(c)(3) provides a debtor another 60 days to solicit acceptances of its plan.

18.     The exclusive periods are designed to afford a debtor a full and fair opportunity to propose a plan and solicit acceptances of a plan, without the disruption of competing plans by non-debtor parties.   The exclusive periods serve the important function of promoting coordination and compromise among parties by channeling negotiations through the Debtor.

Where the exclusive periods prove to be an inadequate timeframe for filing and soliciting acceptances of a chapter 11 plan with some reasonable prospect of garnering support of the requisite parties in interest, section 1121(d) of the Bankruptcy Code provides that "on request of a party in interest made . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1).

19.     Although the Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension of the Exclusive Periods, the legislative history of section 1121 indicates that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep., No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest). Such flexibility provides a debtor the opportunity to stabilize its business at the outset of its chapter 11 case and negotiate an effective plan with its creditors.  *See In re Newark Airport/ Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993), *aff'd*, 155 B.R. 93 (D.N.J. 1993) (nothing that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies).

20.     The decision to extend a debtor's exclusive periods rests within the sound discretion of the Court.  *See First Am. Bank of N.Y. v. S.W. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965-66 (D. Del. 1986) (finding the authority to extend debtor's exclusivity within the bankruptcy court's discretion).  In exercising its broad discretion, the Court may consider various

factors to assess the totality of circumstances and determine whether cause exists to extend a debtor's exclusive periods. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011). These non-exclusive factors include, without limitation: (i) the size and complexity of the debtor's case; (ii) the existence of good faith progress toward reorganization; (iii) whether the debtor is seeking exclusivity to pressure creditors "to accede to [the Debtors'] reorganization demands;" (iv) whether the debtor has progressed in negotiations with creditors; (v) the length of time the case has been pending; and (vi) whether creditors are prejudiced by the extension. *See, e.g.*, *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (identifying factors used by courts to determine whether cause exists to extend exclusivity); *In re Express One Int'l Inc.*, 194 B.R 98, 100 (Bankr. E.D. Tex. 1996) (same); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) (same). Not all of the factors are necessary or relevant in determining whether to grant an extension of the Exclusive Periods. *See e.g., In re Express One Int'l, Inc.*, 194 B.R. at 100-01 (identifying only four factors in determining whether cause exists to support an extension); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding cause to extend exclusivity based on three factors). In fact, the size and complexity of a chapter 11 case alone may warrant extension of the exclusive periods in order to permit a debtor a meaningful opportunity to formulate a chapter 11 plan. *See, e.g., In re Texaco, Inc.*, 76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant debtor's first request to extend exclusivity based on size and complexity of case alone).

21.    As set forth below, the facts and circumstances in these Chapter 11 Cases justify extending the Exclusive Periods to provide the Debtors with an adequate opportunity to confirm a viable chapter 11 plan.

A.      **Cause Exists for Extending the Exclusive Periods**

22.     The application of the above factors to the facts and circumstances of these Chapter 11 Cases demonstrates that the requested extensions are both appropriate and necessary to afford the Debtors adequate time to confirm and consummate a reorganization plan.  This is the Debtors' second request for an extension of the Exclusive Periods.  The Debtors believe that, given their progress to date, the significant changes in circumstance since the Debtors' first request, and the factors weighing in favor of extension, it would be in the best interests of the Debtors, their estates, and all parties in interest for the Court to extend the Exclusive Periods as requested herein.

i.      **The Size, Complexity, and Duration of the Chapter 11 Cases**

23.     The Chapter 11 Cases have been active, and quite contested, since their inception. The Debtors' reorganization involves a multitude of complex issues related to the Debtors' capital structure, future operations, and the different goals of their various lenders, all of which continue to support an extension of exclusivity.  Significantly, a number of factors have changed since the Debtors' first request for an extension of the Exclusive Periods, requiring additional negotiation, strategizing, and cooperation among the parties in interest.  The Debtors believe it is in the best interest of all parties to allow the Debtors sufficient additional time to pursue reorganization as they continue to work with key stakeholders to maximize the value of their estates.

ii.     **Good Faith Progress Made to Achieve the Objectives of Chapter 11**

24.     The Debtors have continued to work expeditiously to address critical issues and move these Chapter 11 Cases forward.  Conduction an auction and the selection of the New Sponsor are substantial achievements in the Debtors' progress toward reorganization, as is the

development of a revised plan.  The Debtors also continue to negotiate with their major creditor constituencies to establish and maintain cooperative relationships.  The Debtors and key contract counterparties have also continued to comply with their reporting and disclosure requirements under the Bankruptcy Code, including the timely filing of monthly operating reports, the preparation and filing of the schedules of assets and liabilities, and obtaining Court approval for establishing a general bar date.  Moreover, the Debtors are continuing to timely pay undisputed postpetition obligations as they come due.  The requested extension of the Exclusive Periods will allow this process to continue in an orderly fashion.

### iii.  The Debtors Are Not Seeking an Extension to Pressure Creditors

25.    This Motion is only the Debtors' second request for an extension of the Exclusive Periods and comes after an agreed adjournment of the Debtors' original confirmation hearing and selection of the New Sponsor.  The Debtors are not seeking an extension to unfairly prejudice or pressure creditors.  To the contrary, the requested extension will help enable the Debtors and each of their key constituents to fully explore and develop consensual terms at minimal cost and preserve and capitalize on the Debtors' progress made to date in the pursuit of a successful reorganization.  Importantly, the Debtors have shown in their conduct of the Chapter 11 Cases to date that they are faithfully pursuing the interest of their estates above all other interests.  The Debtors believe that they remain in the best position to develop a plan which preserves and allocates their value.  Accordingly, the Debtors should be afforded the full and fair opportunity to pursue their plan without the disruption and disorganization that may result from filing of plans by non-debtor parties.

### iv. The Debtors Are Continuing to Negotiate and Resolve Issues With Creditors

26.    As discussed above, the Debtors regularly consult with the Committee and Prepetition Lenders, as well as their creditor constituencies, and have worked hard to establish productive relationships with such constituencies and their professionals.  The Debtors are hopeful that they can build on the cooperative progress as they work towards formulating a plan of reorganization.

### v. Termination of the Exclusive Periods Would Adversely Impact the Chapter 11 Cases

27.    If this Court were to deny the Debtors' request for an extension of the Exclusive Periods, any party in interest would be free to propose a plan of reorganization for each of the Debtors.  Such a result would not advance the rehabilitative objectives of the chapter 11 process, but would instead thwart those objectives and severely impair the Debtors' ability to negotiate and formulate a reorganization plan.

28.    Based on the foregoing, the Debtors respectfully submit that cause exists to extend the Debtors' Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code. Specifically, the Debtors request that the Exclusive Filing Period and Exclusive Solicitation Period be extended through and including October 31, 2017 and December 30, 2017, respectively, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods, as may be appropriate under the circumstances.

### NOTICE

29.    Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition Lenders; (d) counsel to the DIP Lender; (e) counsel to the New Sponsor; and (f) all persons and entities that have requested notice pursuant to

Bankruptcy Rule 2002.   The Debtors respectfully submit that in view of the facts and circumstances, no other or further notice of this Motion is necessary.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

## CONCLUSION

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the Motion and such other and further relief that is just and proper.

Dated: May 4, 2017                    Respectfully submitted,

                                      */s/ L. John Bird*
                                      Jeffrey M. Schlerf (DE No. 3047)
                                      L. John Bird (DE No. 5310)
                                      Courtney A. Emerson (DE No. 6229)
                                      **FOX ROTHSCHILD LLP**
                                      919 North Market Street, Suite 300
                                      Wilmington, DE 19801
                                      Telephone: (302) 654-7444
                                      Facsimile: (302) 656-8920
                                      jschlerf@foxrothschild.com
                                      jbird@foxrothschild.com

                                      Thomas E Lauria (admitted pro hac vice)
                                      Matthew C. Brown (admitted pro hac vice)
                                      **WHITE & CASE LLP**
                                      Southeast Financial Center
                                      200 South Biscayne Boulevard
                                      Suite 4900
                                      Miami  Florida 33131-2352
                                      Telephone:   (305) 371-2700
                                      Facsimile:    (305) 385-5744
                                      tlauria@whitecase.com
                                      mbrown@whitecase.com

                                      Craig H. Averch (admitted pro hac vice)
                                      Ronald K. Gorsich (admitted pro hac vice)
                                      **WHITE & CASE LLP**
                                      555 South Flower Street
                                      Suite 2700
                                      Los Angeles, California 90071
                                      Telephone:   (213) 620-7700
                                      Facsimile:    (213) 452-2329
                                      caverch@whitecase.com
                                      rgorsich@whitecase.com

                                      *Attorneys for the Debtors and Debtors in Possession*