## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1] | Case No. 16-11626 (BLS) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 889, 900, 990, and 1005** |

### NOTICE OF FILING AMENDED PLAN DOCUMENT WITH RESPECT TO THE THIRD AMENDED PLAN OF REORGANIZATION OF MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC) AND ESML HOLDINGS INC.

**PLEASE TAKE NOTICE THAT** Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc. (collectively, the "**Debtors**") hereby file a revised plan document (the "**Revised SC Litigation Trust Agreement**") and blackline thereof with respect to the *Third Amended Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* filed on June 8, 2017 [D.I. 990] (as may be amended from time to time, the "**Plan**")[2] (this "**Notice**"). The Revised SC Litigation Trust Agreement incorporates agreed changes among the Prepetition Lenders and supersedes the SC Litigation Trust Agreement attached as Exhibit 4 to the Notice of Revised and Removed Plan Documents (as defined below). The Revised SC Litigation Trust Agreement contained in this Notice is integral to, part of, and incorporated by reference into the Plan. If the Plan is confirmed by the Bankruptcy Court, the SC Litigation Trust Agreement attached hereto shall be approved by the Bankruptcy Court as a plan document pursuant to the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE THAT** on June 12, 2017, pursuant to Section 1.4 of the Plan, the Debtors filed the *Notice of (i) Filing Amended Plan Documents with Respect to the First Amended Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc. and (ii) Removal of Certain Plan Documents with Respect to the First Amended Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* [D.I. 1005] (the "**Notice of Revised and Removed Plan Documents**"). All Plan Documents included in the Notice of Revised and Removed Plan Documents, other than the SC Litigation Trust Agreement attached as Exhibit 4 thereto, remain operational and shall be approved by the Bankruptcy Court as Plan Documents pursuant to the Confirmation Order, if the Plan is confirmed by the Bankruptcy Court.

---

[1] Essar Steel Minnesota LLC has changed its name to Mesabi Metallics Company LLC. The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

[2] Where the context requires, each capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** this Notice includes the following, as it may be further modified, amended, or supplemented from time to time:

**Exhibit 1** – Revised SC Litigation Trust Agreement and Blackline.

**PLEASE TAKE FURTHER NOTICE THAT** the form of the plan document included in this Notice remains a non-binding draft that continues to be reviewed and revised by the Debtors and parties in interest.  Until such draft is finalized, the Debtors reserve the right, subject to the terms and conditions set forth in the Plan, to alter, amend, modify, or supplement any document in this Notice and file additional supplements or revisions at any time prior to the Confirmation Hearing.  If any document attached to the Notice is altered, amended, modified, or supplemented in any material respect prior to the Confirmation Hearing, the Debtors will file a blackline of such document with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan and related matters (the "**Confirmation Hearing**") is scheduled for **June 13, 2017 at 10:30 a.m. (Prevailing Eastern Time)**.  The Confirmation Hearing will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Wilmington, Delaware 19801.  The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan, the Plan Documents, the Notice of Revised and Removed Plan Documents, the Disclosure Statement, and other related documents may be obtained free or charge by accessing the Debtors' restructuring information website at http://dm.epiq11.com/ESM or upon reasonable written request to the Debtors' counsel at White & Case LLP, Attention: Ronald K. Gorsich, Esq., 555 South Flower Street, Suite 2700, Los Angeles, CA 90071.

Dated: June 13, 2017
      Wilmington, Delaware

**FOX ROTHSCHILD LLP**

*/s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf (DE No. 3047)
L. John Bird (DE No. 5310)
Courtney A. Emerson (DE No. 6229)
919 North Market Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
jschlerf@foxrothschild.com
jbird@foxrothschild.com
cemerson@foxrothschild.com

Thomas E Lauria (admitted pro hac vice)
Matthew C. Brown (admitted pro hac vice)
**WHITE & CASE LLP**
Southeast Financial Center

200 South Biscayne Boulevard, Suite 4900
Miami,  Florida 33131-2352
Telephone:   (305) 371-2700
Facsimile:   (305) 385-5744
tlauria@whitecase.com
mbrown@whitecase.com

Craig H. Averch (admitted pro hac vice)
Ronald K. Gorsich (admitted pro hac vice)
Lauren C. Fujiu-Berger (admitted pro hac vice)
**WHITE & CASE LLP**
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:   (213) 620-7700
Facsimile:   (213) 452-2329
caverch@whitecase.com
rgorsich@whitecase.com
lfujiu@whitecase.com

*Attorneys for the Debtors and Debtors in Possession*

**EXHIBIT 1**

**<u>REVISED SC LITIGATION TRUST AGREEMENT AND BLACKLINE</u>**

## [FORM OF] SC LITIGATION TRUST AGREEMENT

This **LITIGATION TRUST AGREEMENT** (as hereinafter amended, restated, or modified from time to time in accordance with the terms hereof, this "**Agreement**") is made and entered into, as of this [●] day of [●], 2017, by and among Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc., as settlors in their capacities as debtors in possession in the Chapter 11 Cases (as defined below) (the "**Debtors**"); Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC), a Minnesota company, solely in its capacity as a post-Effective Date reorganized company (the "**Reorganized Company**"); and Bradley E. Scher, as trustee of the Litigation Trust referred to herein (in such capacity, and any successor thereto, the "**Litigation Trustee**"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Third Amended Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* [D.I. 990] (including all exhibits attached thereto or referenced therein, as the same may be amended, modified, or supplemented, the "**Plan**").

### Background

A.      On July 8, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The cases are jointly administered in the case styled *Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626 (BLS) (the "**Chapter 11 Cases**").

B.      On March 17, 2017, the Bankruptcy Court entered its *Order (i) Approving the First Amended Disclosure Statement Relating to the Chapter 11 Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC), (ii) Approving Form of Ballots and Proposed Solicitation and Tabulation Procedures for the Plan, (iii) Approving the Solicitation Packages and prescribing the Form and Manner of Notice and Distribution Thereof, (iv) Establishing Procedures for Voting in Connection with the Plan Confirmation Process, and (v) Scheduling a Confirmation Hearing* [D.I. 817] (the "**Disclosure Statement Order**").

C.      On [●], 2017, the Bankruptcy Court entered an order confirming the Plan [D.I. [●]] (the "**Confirmation Order**").

D.      On the date hereof, the Effective Date of the Plan occurred.

E.      The Plan provides that the Litigation Trust shall be established for the purposes of (i) liquidating its assets in accordance with Treasury Regulations Section 301.7701-4(d); (ii) administering the SC Litigation Trust Assets; and (iii) after consultation with the Litigation Trust Advisory Board, (a) resolving all Trust Claims pertaining to the SC Litigation Trust Assets and (b) making all Plan Distributions pertaining to the SC Litigation Trust Assets to the SC Litigation Trust Beneficiaries.

F.      The Litigation Trustee shall have all powers necessary to implement the provisions of this Agreement and to administer the Litigation Trust, as provided herein.

**Agreement**

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants contained herein, the Debtors and the Litigation Trustee agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

1.1.    Creation of Trust.  Pursuant to the Plan and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, the "SC Mesabi Litigation Trust" (the "**Litigation Trust**") is constituted and created hereby on behalf and for the sole and exclusive benefit of the SC Litigation Trust Beneficiaries, *provided* that the Tranche 1 Claims are for the benefit of the Class A Beneficiaries and the Tranche 2 Claims are for the benefit of the Class A Beneficiaries and the Class UC Beneficiaries.  In connection with the performance of its role as Litigation Trustee hereunder, the Litigation Trustee may use the "SC Mesabi Litigation Trust" name.

1.2.    Purpose of Trust.  The Litigation Trust is established for the purposes set forth in Section 8.3 of the Plan, with the primary purposes of (a) liquidating its assets in accordance with United States Treasury Regulation Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to effectuate, and consistent with, the liquidating purpose of the Litigation Trust; (b) administering the SC Litigation Trust Assets; and (c) after consultation with the Litigation Trust Advisory Board, (i) resolving all SC Claims and (ii) making all Plan Distributions with respect to the SC Litigation Trust Assets to the SC Litigation Trust Beneficiaries.  The Litigation Trust is not a successor in interest of the Debtors or the Reorganized Company for any purpose other than as specifically set forth in the Plan, including Section 8.2 of the Plan, and this Agreement.  The Litigation Trust is intended to qualify as a "grantor trust" for federal income tax purposes, with the SC Litigation Trust Beneficiaries treated as grantors and deemed owners of the Litigation Trust.

1.3.    Authorization of Litigation Trust.  The Litigation Trust, acting through the Litigation Trustee, shall be authorized to perform the functions set forth in the Plan (including, without limitation, as set forth in Section 8.3 of the Plan).

1.4.    Transfer of Litigation Trust Assets.

(a)    The SC Litigation Trust Assets and associated rights have automatically vested in the Litigation Trust pursuant to Section 8.2 of the Plan on the date hereof, free and clear of all Claims and interests, for the benefit of the SC Litigation Trust Beneficiaries.  To facilitate the prosecution, litigation, allowance, and/or settlement of or objection to (i) the SC Claims and (ii) affirmative claims or Causes of Action arising from or related to the SC Litigation Trust Assets and SC Claims, the Reorganized Company and the Litigation Trustee have entered into the Transition Services Agreement.  None of the foregoing transfers to the Litigation Trust shall constitute a merger or consolidation of any of the respective SC Claims, each of which shall retain its separateness following the transfer for all purposes relevant to the prosecution thereof.  No SC Litigation Trust Beneficiary shall have legal title to any part of the

SC Litigation Trust Assets.  The Litigation Trust shall succeed to and constitute the assignee of all rights, powers and privileges that, before the Effective Date of the Plan, could be exercised by the Debtors, the Committee, any representative of the Estates, and any comparable authority or equivalent authority in any foreign jurisdiction, including a trustee or examiner with expanded powers, with respect to any SC Claims against any Person.

(b)     In connection with the vesting and transfer of the SC Litigation Trust Assets, as provided in Section 8.2 of the Plan, any attorney-client privilege, work-product protection, or other privilege or immunity attaching to any documents or communications (whether written or oral) relating to the SC Litigation Trust Assets, affirmative claims or Causes of Action arising from or related to the Litigation Trust Assets and Trust Claims, and objections to the Trust Claims shall vest in the Litigation Trust.  Any and all work product created by or on behalf of the Litigation Trustee, the Litigation Trustee's retained professionals (including counsel), agents, representatives, and employees shall be deemed confidential to the extent that such work product is not protected by the attorney client privilege, attorney work-product doctrine, or any other applicable privilege.  All meetings, discussions, correspondence and/or documents by or between the Litigation Trust and the UC Litigation Trust in furtherance of the joint defense, investigation and/or prosecution of Litigation Trust Assets are private and confidential and are subject to joint defense privilege and attorney work-product privileges.  The Litigation Trust and the UC Litigation Trust and their respective Litigation Trustees and Litigation Trust Advisory Boards agree to preserve the strict confidentiality of all such information, documents, materials and communications as to any third party, except as required by law or court order, and no other Person may assert or waive any such attorney-client privilege, work-product protection privilege or other privilege or immunity.

(c)     The transfer of the SC Litigation Trust Assets to the Litigation Trust is hereby made for the sole and exclusive benefit of and on behalf of the SC Litigation Trust Beneficiaries, *provided* that the Tranche 1 Claims are for the benefit of the Class A Beneficiaries and the Tranche 2 Claims are for the benefit of the Class A Beneficiaries and the Class UC Beneficiaries.

(d)     To the extent that any SC Litigation Trust Assets cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such SC Litigation Trust Assets shall be deemed to have been retained by the Debtors and the Litigation Trustee shall be deemed to have been designated as a representative of the Debtors pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such SC Litigation Trust Assets on behalf of the Debtors and all proceeds, income and recoveries on account of any such SC Litigation Trust Assets shall be assets of the Litigation Trust and paid over thereto immediately upon receipt by any Debtor or any other Person.

1.5.    <u>Liquidation of Litigation Trust Assets</u>.  The Litigation Trustee shall, in an expeditious and orderly manner, and subject to the other provisions of the Plan, liquidate and convert the SC Litigation Trust Assets to Cash, make timely distributions in accordance with the terms of the Plan and this Agreement, and not unduly prolong the existence of the Litigation Trust.  The Litigation Trustee shall exercise reasonable business judgment and liquidate the SC

Litigation Trust Assets to maximize net recoveries of the Tranche 1 Claims to Class A Beneficiaries and Tranche 2 Claims to the SC Litigation Trust Beneficiaries; *provided* that the Litigation Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of such recoveries.

1.6.    <u>Appointment and Acceptance of Litigation Trustee</u>.  The Litigation Trustee is the Person appointed pursuant to Section 8.4 of the Plan and as set forth in the Confirmation Order. The Litigation Trustee accepts the Litigation Trust created by this Agreement and the grant, assignment, transfer, conveyance, and delivery to the Litigation Trust, in trust for the benefit of the SC Litigation Trust Beneficiaries, by the Debtors of all of their respective right, title, and interest in the SC Litigation Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan and in the Confirmation Order.

1.7.    <u>No Reversion to Debtors</u>.  In no event shall any part of the SC Litigation Trust Assets revert to or be distributed to any of the Debtors or the Reorganized Company.

1.8.    <u>Incidents of Ownership</u>.  The SC Litigation Trust Beneficiaries shall be the sole beneficiaries of the Litigation Trust and the SC Litigation Trust Assets, and the Litigation Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized in the Plan or the Confirmation Order.

1.9.    <u>Intervention and Substitution</u>.  On the Effective Date, and without having to obtain any further order of the Bankruptcy Court, the Litigation Trustee shall be deemed to have intervened as plaintiff, movant, or additional party, as appropriate, in any SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets, including adversary proceedings, contested matters, motions and other actions, in each case filed by any Debtor, the Committee, or any other estate representative prior to the Effective Date, and on the Effective Date, shall be deemed substituted as the sole plaintiff in respect of any SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets.  Without limiting the foregoing, the Litigation Trustee shall take any and all actions necessary or prudent to intervene in the SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets in a timely manner.

**ARTICLE II**
**SC LITIGATION TRUST BENEFICIARIES**

2.1.    <u>SC Litigation Trust Beneficiaries</u>.  The SC Litigation Trust Beneficiaries are the holders of Class A Beneficial Trust Interests in the Litigation Trust.

2.2.    <u>Rights of SC Litigation Trust Beneficiaries</u>.  Each SC Litigation Trust Beneficiary shall be entitled to participate in the rights and benefits due to such SC Litigation Trust Beneficiary according to this Agreement, the Plan, and the Confirmation Order.  The interest of an SC Litigation Trust Beneficiary is hereby declared and shall be in all respects personal property.  Except as expressly provided hereunder, an SC Litigation Trust Beneficiary's interest in the Litigation Trust (such interest, a "**Litigation Trust Interest**") shall be beneficial only.  As such, an SC Litigation Trust Beneficiary shall have no title to, right to, possession of, management of or control of the Litigation Trust or the SC Litigation Trust Assets, nor to any

right to partition or division of such assets or to an accounting, except as specifically provided in the Plan, the Confirmation Order, or this Agreement.

2.3.  Evidence of Litigation Trust Interest.  Ownership of a Litigation Trust Interest shall not be evidenced by any certificate, security or receipt, or in any other form or manner whatsoever, except in a registry of the SC Litigation Trust Beneficiaries and their respective Litigation Trust Interests (the "**Registry**") maintained by the Litigation Trustee (or any agent appointed by the Litigation Trustee for purposes of maintaining a record of the SC Litigation Trust Beneficiaries and their respective Litigation Trust Interests).  The Litigation Trustee shall, upon written request of an SC Litigation Trust Beneficiary, provide reasonably adequate documentary evidence of such holder's Litigation Trust Interest, as indicated in the books and records of the Litigation Trust.  The expense of providing such documentation shall be borne by the requesting SC Litigation Trust Beneficiary.  The death, incapacity or bankruptcy of any SC Litigation Trust Beneficiary during the term of the Litigation Trust shall not (i) operate to terminate the Litigation Trust, (ii) entitle the representatives or creditors of the deceased party to an accounting, (iii) entitle the representatives or creditors of the deceased party to take any action in the Bankruptcy Court or elsewhere for the distribution of the SC Litigation Trust Assets or for a partition thereof or (iv) otherwise affect the rights and obligations of any of the SC Litigation Trust Beneficiaries hereunder.  The Litigation Trustee shall make the Registry available to members of the Litigation Trust Advisory Board upon the written request of any such member.

2.4.  No Transfers of Litigation Trust Interests.  The Litigation Trust Interests shall not be assignable or transferable, except (i) to a Related Fund (as defined below) of the SC Litigation Trust Beneficiary holding such Litigation Trust Interest or (ii) by will, intestate succession, or operation of law (each under clause (i) or (ii), a "**Permitted Transfer**").  "**Related Fund**" means, with respect to any Person, an affiliate of such Person, or a fund or account managed or advised by such Person or managed or advised by the same investment advisor or investment manager of such Person.  Any purported assignment or transfer of a Litigation Trust Interest or any part thereof, except in a Permitted Transfer, shall constitute a violation of this Section 2.4 and shall be void *ab initio*.

2.5.  Conflicting Claims.  If any conflicting claims or demands are made or asserted with respect to a Litigation Trust Interest, the Litigation Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.  In so refusing, the Litigation Trustee may elect to make no payment or distribution with respect to the Litigation Trust Interest represented by the claims or demands involved, or any part thereof, and the Litigation Trustee shall refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands.  In so doing, the Litigation Trustee shall not be or become liable to any party for its refusal to comply with any of such conflicting claims or demands.  The Litigation Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court or (b) all differences have been resolved by a written agreement among all of such parties and the Litigation Trustee, which agreement shall include a complete release of the Litigation Trust and the Litigation Trustee with respect to the subject matter of the dispute (the occurrence of either (a) or (b) being referred to as a "**Dispute Resolution**" in this Section 2.5).  Until a Dispute Resolution is reached with respect to such conflicting claims or demands, the Litigation Trustee shall hold in a segregated interest-bearing account any payments

or distributions from the Litigation Trust to be made with respect to the Litigation Trust Interest at issue. Promptly after a Dispute Resolution is reached, the Litigation Trustee shall transfer the payments and distributions, if any, held in the segregated account, together with any interest and income generated thereon, in accordance with the terms of such Dispute Resolution.

2.6.    Limited Liability.  No provision of this Agreement, the Plan, or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any SC Litigation Trust Beneficiary, shall give rise to any liability of such SC Litigation Trust Beneficiary solely in its capacity as such.  SC Litigation Trust Beneficiaries are deemed to receive their beneficial interests in the Litigation Trust as set forth in this Agreement, the Plan, and the Confirmation Order in exchange for their Allowed Claims without further obligation or liability of any kind, but subject to the provisions of this Agreement, the Plan, or the Confirmation Order.

### ARTICLE III
### DURATION AND TERMINATION OF TRUST

3.1.    Duration.  The Litigation Trust shall be deemed effective upon the date hereof and shall remain and continue in full force and effect until the date of its termination (the "**Termination Date**").  The Termination Date shall occur at such time as (a) all assets of the Litigation Trust have been liquidated; and (b) all distributions required to be made by the Litigation Trustee under the Plan have been made (subject to reservation of any Litigation Trust Assets reasonably necessary to facilitate winding up of the affairs of the Litigation Trust as set forth in Section 3.2 of this Agreement), in accordance with the Plan, the Confirmation Order, and this Agreement.  The term of the Litigation Trust shall not exceed five years from the Effective Date; *provided*, *however*, that if an extension is necessary to the liquidating purpose of the Litigation Trust, and subject to the approval of the Bankruptcy Court, the term may be extended one or more times, but only up to five years in the aggregate, pursuant to Section 8.16 of the Plan.  Notwithstanding anything to the contrary in this Agreement, in no event shall the Litigation Trustee unduly prolong the duration of the Litigation Trust, and the Litigation Trustee shall, in the exercise of its reasonable business judgment and in the interests of the SC Litigation Trust Beneficiaries, at all times prosecute the SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets in a manner reasonably calculated to maximize net recoveries to the SC Litigation Trust Beneficiaries.  Notwithstanding the foregoing or any other provision of the Plan or this Agreement, the Litigation Trustee may make distributions of Cash held by the Litigation Trust to the SC Litigation Trust Beneficiaries at such times as required by the Plan or otherwise as the Litigation Trustee shall determine and in accordance with Section 4.3 of this Agreement.

3.2.    Continuance of Trust for Winding Up.  After the Termination Date, and solely for the purpose of winding up the affair of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed.  The Litigation Trustee shall retain the books, records, and files that shall have been delivered to or created by the Litigation Trustee, until such time that the Litigation Trustee determines, in its discretion, that such books, records, and files may be destroyed (unless such records and documents are necessary to fulfill the Litigation Trustee's obligations pursuant to Sections 4.5 and 6.1 of this Agreement), subject to the terms of any joint prosecution and common interests agreement(s) to which the Litigation Trustee may be a party.  Except as otherwise specifically provided herein, upon the final

distribution of the SC Litigation Trust Assets, the Litigation Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the SC Litigation Trust Beneficiaries as provided in Section 4.4 hereof and as may be imposed on the Litigation Trustee by virtue of Section 6.1 hereof, and the interests of the SC Litigation Trust Beneficiaries shall be cancelled and the Litigation Trust will be deemed to have been dissolved.

## ARTICLE IV
## ADMINISTRATION OF LITIGATION TRUST

4.1.    <u>Payment of Claims, Expenses, and Liabilities</u>.    The Litigation Trustee shall expend the Cash of the Litigation Trust: (a) to pay reasonable administrative expenses of the Litigation Trust that are incurred (including, but not limited to, any taxes imposed on the Litigation Trust or professional fees and expenses in connection with the administration and liquidation of the SC Litigation Trust Assets and preservation of books and records as provided in Section 3.2 of this Agreement); (b) to satisfy obligations or other liabilities incurred or assumed by the Litigation Trust (or to which the SC Litigation Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order, this Agreement, and applicable U.S. law or regulation (it being understood that the Litigation Trust has not assumed any obligations or liabilities of the Debtors or the Reorganized Company), including fees and costs incurred in connection with the protection, preservation, liquidation, and distribution of the SC Litigation Trust Assets and the costs of investigating, prosecuting, and resolving the SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets; (c) to pay the costs incurred by the Litigation Trust in prosecution and/or settlement of objections to, and/or estimation of the Trust Claims; (d) to pay any fees or expenses pursuant to Section 8.6 of the Plan or arising from the Transition Services Agreement; and (e) to satisfy any other obligations of the Litigation Trust expressly set forth in the Plan, the Confirmation Order, or this Agreement.

4.2.    <u>Funding of the Trust</u>.  The Litigation Trust shall be funded as set forth in the Plan or as otherwise approved by the Litigation Trust Advisory Board.

4.3.    <u>Distributions</u>.

(a)    <u>Timing and Amount of Distributions</u>.  Holders of Litigation Trust Interests shall receive distributions as set forth in Sections 8.11 and 8.12 of the Plan, and as otherwise provided in the Plan, the Confirmation Order, or this Agreement.

(b)    The Class A Beneficiaries shall receive all Net Available Cash distributed on account of the Tranche 1 Claims, *provided* that if no insurance proceeds are received by the UCs Litigation Trust with respect to the Individual Claims after the UC Litigation Trustee's good faith efforts to collect under all applicable insurance policies, the UC Litigation Trust shall be entitled to 2.0% of the Net Available Cash distributed on account of the Tranche 1 Claims, less any amount of Net Available Cash distributed to the Class UC Beneficiaries from the UC Litigation Trust.

(c)    Net Available Cash distributed on account of the Tranche 2 Claims shall be distributed to Class A Beneficiaries and the UC Litigation Trust in accordance with the allocation set forth in Section 8.12 of the Plan.

(d)     The Litigation Trust may transfer any Net Available Cash that is for the benefit of Class UC Beneficiaries to the UC Litigation Trust for distribution to Class UC Beneficiaries.

(e)     Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee is not required to make a distribution to an SC Litigation Trust Beneficiary if such distribution would be less than $25.00 in the aggregate, except as provided in Section 9.7 of the Plan.

(f)     Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee shall cause the Litigation Trust, at all time, to retain sufficient funds (the "**Expense Reserve**") as the Litigation Trustee shall determine are reasonably necessary for the Litigation Trust to (i) meet contingent liabilities and maintain the value of the SC Litigation Trust Assets during liquidation; (ii) make the payments and satisfy all obligations and liabilities described in Section 4.1 of this Agreement as well as satisfy all obligations to remit amounts pursuant to applicable U.S. and non-U.S. laws relating to taxes; and (iii) fund the reasonable, documented out-of-pocket fees and expenses of both (x) the Litigation Trustee in accordance with the terms of the Litigation Trustee's engagement, and (y) the professionals retained by the Litigation Trust (the "**Litigation Trust Professionals**").  For the avoidance of doubt, the Litigation Trustee shall not be deemed to be an "underwriter" in connection with its distribution of any Litigation Trust Assets, as such term is defined in section 1145(b) of the Bankruptcy Code, and no employees, agents, or representatives of the Litigation Trustee shall be deemed to be a "broker-dealer as such term is defined in the Securities Exchange Act of 1934, as amended, or any rules promulgated thereunder.

(g)     <u>Priority of Distribution of Litigation Trust Assets and Proceeds</u>.   Any Litigation Trust Assets or proceeds thereof available for distribution shall be applied (a) first, to pay or reimburse, as applicable, the reasonable, documented out-of-pocket fees, costs, expenses, and liabilities of the Litigation Trust and the Litigation Trustee, as provided in Section 4.1 of this Agreement; and (b) second, to distributions to the SC Litigation Trust Beneficiaries and, if applicable, the UC Litigation Trust for the benefit of the UC Litigation Trust Beneficiaries, pursuant to Sections 8.11 and 8.12 of the Plan.

(h)     <u>Distribution of Litigation Trust Asset Proceeds upon Liquidation</u>. Promptly upon complete liquidation of the SC Litigation Trust Assets, the Litigation Trustee shall distribute any Litigation Trust Assets available for distribution not yet distributed from the Litigation Trust in accordance with the terms of the Plan and this Agreement.

4.4.    <u>Delivery of Distributions; Addresses; Undeliverable Property</u>.  Distributions to the SC Litigation Trust Beneficiaries shall be made by the Litigation Trustee in accordance with and to the addresses as set forth in Section 9.3 of the Plan.  Distributions shall be delivered or deemed undeliverable and treated accordingly as set forth in Section 9.3 of the Plan.  As soon as practicable following the Effective Date, the Reorganized Company shall deliver or cause to be delivered to the Litigation Trustee a list of the SC Litigation Trust Beneficiaries, setting forth the addresses listed on the applicable proofs of claim (or at the last known address if no proof of claim is filed or if the Debtors have been notified in writing of a change of address).  The Litigation Trustee shall have the absolute and unconditional right, but not obligation, to rely on

the information provided by the Reorganized Company for purposes of notices and distributions under this Agreement, except that, with respect to Litigation Trust Interests that are assigned pursuant to Section 2.4 of this Agreement, the Litigation Trustee shall only use any information provided by an assignee for purposes of notices and distributions.

4.5.    <u>Reports</u>.    The Litigation Trustee shall prepare reports in accordance with Section 8.5(a) of the Plan and comply with its obligations set forth therein, including, without limitation, consulting with and providing status reports to the Litigation Trust Advisory Board no less frequently than monthly, which reports may occur telephonically.

4.6.    <u>Exchange Act</u>.    In addition to certain requirements set forth in this Agreement, the Litigation Trust shall take such precautions as the Litigation Trustee shall deem necessary or appropriate for the Litigation Trust to avoid becoming subject to the registration requirements of the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"); *provided*, *however*, that if the Litigation Trust becomes subject to such registration requirements, the Litigation Trustee shall cause the Litigation Trust to register pursuant to, and comply with, the application reporting requirements of the Exchange Act.

4.7.    <u>Fiscal Year; Fiscal Quarter</u>.    Except for the first and last years of the Litigation Trust, the fiscal year of the Litigation Trust shall be the "calendar year" as such term is defined in section 441 of the Tax Code (as defined below).    For the first and last years of the Litigation Trust, the fiscal year of the Litigation Trust shall be such portion of the calendar year that the Litigation Trust is in existence.    Fiscal quarters for the Litigation Trust shall be the quarters of January-March, April-June, July-September, and October-December, and any portion thereof at the beginning and end of the Litigation Trust's existence.

4.8.    <u>Books and Records</u>.    The Litigation Trustee shall maintain books and records in accordance with Section 8.5(c) of the Plan.    Such books and records shall be maintained until such time as set forth in Section 3.2 of this Agreement.

4.9.    <u>Cash Payments and Cash Accounts</u>.    Cash payments made pursuant to this Agreement shall be made in accordance with Sections 8.11 and 8.12 of the Plan. All Cash of the Litigation Trust shall be maintained in a United States financial institution.

## ARTICLE V
## TAX MATTERS

5.1.    <u>Tax Treatment</u>.    The Debtors, the Reorganized Company, the Litigation Trustee, and SC Litigation Trust Beneficiaries, as applicable, will treat the Litigation Trust as a "Litigation Trust" within the meaning of Treasury Regulation Section 301.7701-4(d)) and any comparable provision of State or local law.    The Litigation Trust shall be considered a "grantor" trust and is intended to comply with the requirements of a Litigation Trust, which is a grantor trust, as set forth in Revenue Procedure 94-45, 1994-2 C.B. 684.    Consistent with this treatment, for all federal, state, and local income tax purposes, the SC Litigation Trust Assets shall be treated as being transferred by the Debtors to the SC Litigation Trust Beneficiaries in exchange for their Allowed Claims and then as being transferred by the SC Litigation Trust Beneficiaries to the Litigation Trust.    The SC Litigation Trust Beneficiaries will be treated for federal, state,

and local income tax purposes as the grantors and deemed owners of the Litigation Trust. The Debtors, the Litigation Trustee, and the SC Litigation Trust Beneficiaries will use consistent valuations of the SC Litigation Trust Assets (and liabilities) as of the Effective Date in accordance with Section 8.3 of the Plan. The Litigation Trustee shall be authorized to take any action necessary to maintain compliance with Treasury Regulation Section 301.7701-4(d) or any successor regulation thereto that does not contradict the terms of this Agreement, the Plan, or the Confirmation Order. In the event the Litigation Trust shall fail or cease to qualify as a Litigation Trust in accordance with Treasury Regulation Section 301.7701-4(d), the Litigation Trustee shall take such action as it shall deem appropriate to have the Litigation Trust classified as a partnership for federal tax purposes under Treasury Regulation Section 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Internal Revenue Code of 1986, as amended (the "**Tax Code**")), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

5.2.     Tax Reporting. The "taxable year" of the Litigation Trust shall be the "calendar year" as those terms are defined in Section 441 of the Tax Code. The Litigation Trustee shall file tax returns for the Litigation Trust as a grantor trust pursuant to Section 671 of the Tax Code, Treasury Regulation 1.671-4(a), and report, but not pay tax on, the Litigation Trust's items of income, gain, loss, deduction, and credit. All of the Litigation Trust's income shall be treated as subject to tax on a current basis. The Litigation Trustee shall annually, within 75 days after the end of each calendar year, send to each record holder of a Litigation Trust Interest a separate statement setting forth the holder's share of items of income, gain, loss, deduction, and credit for such year, and will instruct all such holders to report such items on their income tax returns for such year. Such reporting shall also occur within sixty days after the dissolution of the Litigation Trust. The Litigation Trust's items of income, gain, loss, deduction, and credit will be allocated (subject to the provisions of Section 5.4 hereof) to the SC Litigation Trust Beneficiaries in accordance with their respective Litigation Trust Interests.

5.3.     Tax Withholdings. The Litigation Trustee may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the Tax Code, or any provision of any foreign, state, or local tax law with respect to any payment or distribution to the SC Litigation Trust Beneficiaries. All such amounts withheld, and paid to the appropriate taxing authority, shall be treated as amounts distributed to such SC Litigation Trust Beneficiaries for all purposes of this Agreement. The Litigation Trustee shall be authorized to collect such tax information from the SC Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as it in its sole discretion deems necessary to effectuate the Plan and this Agreement. The Litigation Trustee may refuse to make a distribution to any SC Litigation Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered; *provided*, *however*, that upon the SC Litigation Trust Beneficiary's delivery of such information, the Litigation Trustee shall make such distribution to which the SC Litigation Trust Beneficiary is entitled, without any interest and income thereon, subject to Section 4.4 of this Agreement.

5.4.     Foreign Tax Matters. The Litigation Trustee shall take all reasonable steps, including the filing of any necessary documentation or elections with any non-U.S. tax authority, to minimize, under non-U.S. law: (i) the liabilities of the Litigation Trust and the SC Litigation Trust Beneficiaries for non-U.S. taxes, interest, penalties, and other amounts; (ii) the obligations

of the Litigation Trust to file non-U.S. tax or information returns or other documentation; and (iii) the obligations of the Litigation Trust to withhold and remit amounts to any non-U.S. taxing authority in respect of payments or distributions of income or property by the Litigation Trust. The Litigation Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Litigation Trustee or the Litigation Trust under non-U.S. law relating to taxes.  The Litigation Trustee, or any other legal representative of the Litigation Trust, shall not distribute Litigation Trust Assets or any proceeds thereof without first having obtained all certificates required to have been obtained under applicable non-U.S. law relating to taxes.

## ARTICLE VI
## RESPONSIBILITIES OF, POWERS OF, AND LIMITATIONS
## ON THE LITIGATION TRUSTEE

6.1.    <u>Responsibilities of the Litigation Trustee</u>.  The Litigation Trustee shall have such responsibilities expressly set forth in this Agreement and the Plan (including, without limitation, such responsibilities set forth in Section 8.5 of the Plan).

6.2.    <u>Powers of the Litigation Trustee</u>.  The Litigation Trustee shall have such rights, powers, and privileges expressly set forth in this Agreement and the Plan (including, without limitation, such rights, powers, and authorities set forth in Section 8.5 of the Plan), and such other powers reasonably incidental thereto, and as otherwise provided by applicable law.

6.3.    <u>Limitations on Litigation Trustee</u>.

(a)    Certain powers of the Litigation Trustee are limited by the Litigation Trustee Advisory Board pursuant to the Plan including, but not limited to, Sections 8.7 and 10.5 thereof.

(b)    No part of the SC Litigation Trust Assets shall be used or disposed of by the Litigation Trustee in furtherance of any trade or business.  The Litigation Trustee shall, on behalf of the Litigation Trust, hold the Litigation Trust out as a trust in the process of liquidation and not as an investment company.  The Litigation Trustee shall not hold any assets, make or hold any investments or engage in any activities inconsistent with the treatment of the Litigation Trust as a Litigation Trust within the meaning of Treasure Regulations Section 301-7701-4(d) while the Litigation Trust qualifies as a liquidation trust; *provided*, *however*, that if the Liquidation Trust (or a Delaware limited liability company or limited liability partnership into which it shall be converted) shall be classified as a partnership for federal tax purposes under Treasury Regulation 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Tax Code), the foregoing restrictions shall not apply.  The Litigation Trustee shall not become a market-maker for the Litigation Trust Interests or otherwise attempt to create a secondary market for such interests.  The Litigation Trustee shall be restricted to the liquidation of the SC Litigation Trust Assets on behalf of, and for the benefit of, the SC Litigation Trust Beneficiaries, the distribution and application of Litigation Trust Assets for the purposes set forth in this Agreement and the Plan, and the conservation and protection of the SC Litigation Trust Assets and the administration thereof in accordance with the provisions of this Agreement and the Plan.

(c)     Notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, only the Litigation Trustee shall have authority to settle or compromise SC Claims.  No such settlement or compromise shall require the review or approval of the Bankruptcy Court.  All settlements or compromises of SC Claims by the Litigation Trustee shall require approval of the Litigation Trust Advisory Board.

6.4.   <u>Agents and Professionals; Employees</u>.   The Litigation Trustee may employ Litigation Trust Professionals in accordance with Section 8.14 of the Plan.

6.5.   <u>Investment of Trust Monies</u>.  The Litigation Trustee shall, at such times as the Litigation Trustee deems appropriate, invest the SC Litigation Trust Assets and the proceeds thereof, as applicable, in highly-rated, short-term investments of which the length of term shall be consistent with the obligations to pay costs, expenses, and other obligations and make distributions under Article IV of this Agreement, which investments shall consist exclusively of (a) short-term investments issued or guaranteed by the United States or by a department, agency, or instrumentality of the United States, or (b) other short-term instruments of the highest credit rating available of two nationally recognized rating agencies.

# ARTICLE VII
# LITIGATION TRUSTEE ADVISORY BOARD

7.1.   <u>Litigation Trustee Advisory Board</u>.

(a)     A Litigation Trustee advisory board (the "**Litigation Trustee Advisory Board**") shall be established and consist of three Persons.  [_____, _____, and _____] are hereby designated and appointed to serve as the initial members of the Litigation Trustee Advisory Board.  The initial Litigation Trustee Advisory Board members hereby accept such designation and appointment and agree to serve in such capacity, as of the Effective Date, in accordance with this Agreement.

(b)     A member of the Litigation Trustee Advisory Board may resign following written notice to the Litigation Trustee and the other members of the Litigation Trustee Advisory Board.  Such resignation will become effective on the later to occur of (i) the day specified in such written notice and (ii) the date that is thirty (30) days after the date such notice is delivered.

(c)     A member of the Litigation Trustee Advisory Board may only be removed by entry of a Bankruptcy Court order finding that cause exists to remove such member.

(d)     Following the death, incapacity, resignation or removal of a member of the Litigation Trustee Advisory Board, the Prepetition Lenders that initially appointed such member to the Litigation Trustee Advisory Board pursuant to the Plan shall be entitled to appoint such member's replacement to the Litigation Trustee Advisory Board by a vote of (i) holders of a majority of Class A-1 Beneficial Trust Interests if such member was initially appointed by Project Finance Lenders, or (ii) holders of a majority of Class A-2 Beneficial Trust Interests if such member was initially appointed by Term Loan Lenders, or (iii) holders of a majority of Class A-3 Beneficial Trust Interests if such member was initially appointed by Supplier Credit Lenders; *provided*, that if such Person(s) fail to make such replacement appointment within thirty (30) days after such death, incapacity, resignation or removal, the Litigation Trustee shall be

entitled to nominate a Person to replace such member of the Litigation Trustee Advisory Board, which such Person must be approved by majority vote of the remaining members of the Litigation Trustee Advisory Board.

(e)     The Litigation Trustee Advisory Board may from time to time adopt or amend by-laws that are consistent with the terms and conditions of this Agreement.

7.2.    <u>Powers of Litigation Trustee Advisory Board</u>.  The Litigation Trustee Advisory Board shall have the authority and responsibility to oversee, review, and guide the activities and performance of the Litigation Trustee.  The Litigation Trustee Advisory Board's powers and responsibilities shall include: (a) approval of the Litigation Trustee's retention of professionals and service providers and the terms thereof; (b) approval of the Litigation Trustee's annual budgets; (c) approval of all Plan Distributions to be made from the SC Litigation Trust Assets; (d) approval of all settlements of the SC Claims; (e) termination of the Litigation Trustee, for cause, and (f) the appointment of any successor Litigation Trustee of the Litigation Trust.

7.3.    <u>Meetings of the Litigation Trustee Advisory Board; Notice; Waiver of Notice</u>. Meetings of the Litigation Trustee Advisory Board, may be held whenever and wherever called for by the Litigation Trustee or more than fifty percent of the members of the Litigation Trustee Advisory Board.  Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting of the Litigation Trustee Advisory Board will be given to the members of the Litigation Trustee Advisory Board in person or by telephone, or via mail, electronic mail, or facsimile transmission.  Notice to the members of the Litigation Trustee Advisory Board of any such special meeting will be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail or facsimile transmission, the same is transmitted at least one Business Day prior to the convening of the meeting, or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the members of the Litigation Trustee Advisory Board or to an adult member of his/her office staff or household, at least one Business Day prior to the convening of the meeting.  Any member of the Litigation Trustee Advisory Board may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, subject to applicable law. Except as provided in the next sentence below, the waiver must be in writing and signed by the applicable member or members of the Litigation Trustee Advisory Board entitled to the notice. The attendance of a member of the Litigation Trustee Advisory Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

7.4.    <u>Manner of Acting</u>.

(a)     A majority of the total number of members of the Litigation Trustee Advisory Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trustee Advisory Board; *provided*, *however*, that all decisions or approvals or other actions of the Litigation Trustee Advisory Board shall require the affirmative vote of a majority of all of the members of the Litigation Trustee Advisory Board, and such an

affirmative vote obtained as to any particular matter, decision, approval or other action at a meeting at which a quorum is present shall be the act of the Litigation Trustee Advisory Board, except as otherwise required by law or as provided in this Litigation Trust Agreement.

(b)     Voting may, if approved by the majority of all of the members of the Litigation Trustee Advisory Board be conducted by electronic mail or individual communications by the Litigation Trustee and each member of the Litigation Trustee Advisory Board.

(c)     Any member of the Litigation Trustee Advisory Board who is present and entitled to vote at a meeting of the Litigation Trustee Advisory Board (including any meeting of the Litigation Trustee and the Litigation Trustee Advisory Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trustee Advisory Board unless:  (i) such member of the Litigation Trustee Advisory Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; or (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trustee Advisory Board before its adjournment.  The right of dissent or abstention is not available to any member of the Litigation Trustee Advisory Board who votes in favor of the action taken.

(d)     Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Litigation Trustee Advisory Board shall report to the Litigation Trustee Advisory Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a holder of a Litigation Trust Interest).  A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (*provided*, *however*, such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trustee Advisory Board who are not "conflicted members" and, notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the members of the Litigation Trustee Advisory Board, who are not "conflicted members" shall be required to approve of such matter or issue and the same shall be the act of the Litigation Trustee Advisory Board.

7.5.    <u>Standard of Care; Exculpation</u>.  None of the Litigation Trustee Advisory Board, its respective members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable for the act or omission of any other member, agent or representative of the Litigation Trustee Advisory Board, nor shall the Litigation Trustee Advisory Board or any of its respective members be liable for any act or omission taken or omitted to be taken by the Litigation Trustee Advisory Board in good faith, other than for acts or omissions resulting from the Litigation Trustee Advisory Board's or any such member's, designee's, professional's, agent's or representative's bad faith or willful misconduct or knowing violation of law.  The Litigation Trustee Advisory Board and its members may, in connection

with the performance of its functions, and in its sole and absolute discretion, consult with the Litigation Trustee Advisory Board's attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons, other than for acts or omissions constituting bad faith, willful misconduct, knowing violation of law or actual fraud of the Litigation Trustee Advisory Board or any of its members. Notwithstanding such authority, none of the Litigation Trustee Advisory Board or any of its members shall be under any obligation to consult with the Litigation Trustee Advisory Board's attorneys, accountants, financial advisors or agents, and their good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee Advisory Board or, as applicable, any of its members, designees, professionals, agents or representatives, unless such determination is based on bad faith, willful misconduct or knowing violation of law.  No amendment modification or repeal of this Section 7.5 shall adversely affect any right or protection of the Litigation Trustee Advisory Board, its members, designees, professional agents or representatives that exists at the time of such amendment, modification or repeal.

      7.6.   <u>Indemnification</u>.  The Litigation Trustee Advisory Board, its members, their respective firms, companies, partners, officers, directors, employees, professionals, representatives, successors, and assigns (collectively, the "**Board Indemnified Parties**" and each a "**Board Indemnified Party**") shall be, and hereby are, indemnified by the Litigation Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds, covenants, judgments, damages, attorneys' fees, defense costs, and other assertions of liability arising out of any such Board Indemnified Party's good faith exercise of what such Board Indemnified Party reasonably understands to be its powers or the discharge of what such Board Indemnified Party reasonably understands to be its duties conferred by this Agreement, the Plan, or any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to its own fraud, self-dealing, intentional misrepresentation, or willful misconduct), including but not limited to, acts or omissions concerning pursuing or not pursuing the SC Claims of the Litigation Trust, on and after the Effective Date.  The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to (i) this Agreement or the Plan; (ii) the services to be rendered pursuant to this Agreement or the Plan; (iii) any document or information, whether verbal or written, referred to herein or supplied to the Litigation Trustee; or (iv) proceedings by or on behalf of any creditor. The Litigation Trust shall, on demand, advance, or pay promptly out of the SC Litigation Trust Assets, on behalf of the Board Indemnified Party, reasonable attorneys' fees and other expenses and disbursements to which such Board Indemnified Party would be entitled pursuant to the foregoing indemnification obligation; *provided*, *however*, that any Board Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines that such Board Indemnified Party is not entitled to indemnification hereunder due to the fraud, self-dealing, intentional misrepresentation, or willful misconduct of such Board Indemnified Party.  In any matter covered by the first two sentences of this subsection, any person entitled to indemnification shall have the right to employ such person's own separate counsel reasonably acceptable to the Litigation Trustee, at the Litigation Trust's expense, subject to the foregoing terms and conditions.

7.7.    Observation Rights.    Notwithstanding any provision of this Agreement to the contrary, the UC Litigation Trust Advisory Board may designate a person from time to time (the "**UC Litigation Trust Observer**") who shall have full observation and consultation rights (but not voting rights) with respect to all matters related to Tranche 2 Claims, including their prosecution and settlement.    The UC Litigation Trust Observer shall be entitled to attend meetings of the Litigation Trustee Advisory Board and to receive all information provided to the members of the Litigation Trustee Advisory Board to the extent relating to the prosecution and settlement of Tranche 2 Claims; *provided* that (i) the UC Litigation Trust Observer shall not be entitled to vote on any such matters and (ii) the UC Litigation Trust Observer shall be subject to the same obligations as members of the Litigation Trust Advisory Board with respect to confidentiality, except that any such information may be disclosed by the UC Litigation Trust Observer to the UC Litigation Trustee and the UC Litigation Trust Advisory Board, each of which shall have such confidentiality obligations.    This Section 7.7 may not be amended, modified, or deleted in any way without the prior written consent of the UC Litigation Trustee.

## ARTICLE VIII
## CONCERNING THE LITIGATION TRUSTEE

8.1.    Generally.    The Litigation Trustee shall use the same degree of care and skill in its exercise of the rights and powers vested in it by this Agreement and the Plan as a reasonably prudent person would exercise or use under the circumstances in the conduct of its own affairs.

8.2.    Reliance by the Litigation Trustee.    Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order:

(a)    The Litigation Trustee may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties;

(b)    The Litigation Trustee may absolutely and unconditionally presume that any other parties purporting to give notice of instructions in writing have been duly authorized to do so, and may rely on such notice; and

(c)    Persons (including any Litigation Trust Professionals) engaged in transactions with the Litigation Trustee shall look only to the SC Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such Persons in carrying out the terms of this Agreement, the Plan, or the Confirmation Order, and the Litigation Trustee shall have no personal or individual obligation to satisfy such liability.

8.3.    Liability to Third Persons.    Notwithstanding any other provision of this Agreement, the Litigation Trustee shall not be liable for any error of judgment, or any action taken or omitted to be taken hereunder or any action taken in good faith in reliance upon the advice of Litigation Trust Professionals retained by the Litigation Trustee in accordance with this Agreement.    The liability of the Litigation Trustee shall be limited as set forth in the Plan (including, without limitation, as set forth in Section 8.5(f) of the Plan) and as provided herein.

No provision of this Agreement, the Plan, or the Confirmation Order shall be construed to relieve the Litigation Trustee from liability for its own fraud or grossly negligent or willful misconduct.

8.4.    <u>Nonliability of Litigation Trustee for Acts of Others</u>.    Nothing contained in this Agreement, the Plan, or the Confirmation Order shall be deemed to be an assumption by the Litigation Trustee of any of the liabilities, obligations or duties of the Debtors, SC Litigation Trust Beneficiaries, the UC Litigation Trustee, or the Class UC Beneficiaries and shall not be deemed to be or contain a covenant or agreement by the Litigation Trustee to assume or accept any such liability, obligation, or duty.    Any successor Litigation Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Litigation Trustee hereunder, and any statement or representation made as to the assets comprising the SC Litigation Trust Assets or as to any other fact bearing upon the prior administration of the Litigation Trust, so long as it has a good faith basis to do so.    A successor Litigation Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement, or representation if it is later proved to be incomplete, inaccurate, or untrue.    A Litigation Trustee or successor Litigation Trustee shall not be liable for any act or omission or any predecessor Litigation Trustee, nor have a duty to enforce any claims against any predecessor Litigation Trustee on account of any such act or omission.

8.5.    <u>Exculpation of the Litigation Trustee</u>.    Except as provided in the Plan, the Litigation Trustee, together with any and all of its officers, directors, employees, agents, and representatives, are exculpated by all holders of Claims against and Equity Interests in the Debtors and all other parties in interest, from any and all Causes of Action arising out of the discharge of the powers and duties conferred upon the Litigation Trustee by the Plan, any Final Order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except solely for actions or omissions arising out of the Litigation Trustee's fraud, willful misconduct or gross negligence.    No Person shall have or pursue any Cause of Action (i) against the Litigation Trustee or the Litigation Trust's officers, directors, employees, agents, and representatives for making Plan Distributions in accordance with the Plan; or (ii) against any holder of a Claim for receiving or retaining Plan Distributions as provided for by the Plan.

8.6.    <u>Indemnity</u>.    The Litigation Trustee is indemnified by the Litigation Trust in accordance with Section 8.5(f) of the Plan.

8.7.    <u>Compensation and Expenses</u>.    The Litigation Trustee shall receive compensation at a rate of $[●] per month.    All such compensation shall be funded from the SC Litigation Trust Assets.    The Litigation Trustee shall be entitled to reimburse itself from the SC Litigation Trust Assets on a monthly basis, or as the Litigation Trustee otherwise deems appropriate, for all reasonable out-of-pocket expenses actually incurred by it in the performance of its duties in accordance with this Agreement.

## ARTICLE IX
## <u>SUCCESSOR LITIGATION TRUSTEES</u>

9.1.    <u>Resignation</u>.    The Litigation Trustee or any successor Litigation Trustee may resign from its position as trustee of the Litigation Trust with thirty days' notice served on the SC Litigation Trust Beneficiaries and filed with the Bankruptcy Court.

9.2.   <u>Removal</u>.  The Litigation Trustee or any successor Litigation Trustee may be removed from its position as trustee of the Litigation Trust by the Litigation Trustee Advisory Board solely for cause.

9.3.   <u>Effect of Resignation or Removal</u>.  The resignation, removal, incompetency, bankruptcy, or insolvency of the Litigation Trustee shall not operate to terminate the Litigation Trust or to revoke any existing agency created pursuant to the terms of this Agreement, the Plan, or the Confirmation Order, or to invalidate any action theretofore taken by the Litigation Trustee. All fees and expenses incurred by the Litigation Trustee prior to the resignation, removal, incompetency, bankruptcy, or insolvency of the Litigation Trustee shall be paid from the SC Litigation Trust Assets, unless such fees and expenses are disputed by the successor Litigation Trustee, in which case the Bankruptcy Court shall resolve the dispute and any disputed fees and expenses of the predecessor Litigation Trustee that are subsequently allowed by the Bankruptcy Court shall be paid from the SC Litigation Trust Assets.  In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee shall: (a) promptly execute and deliver such documents, instruments, and other writings as may be reasonably requested by the successor Litigation Trustee or directed by the Bankruptcy Court to effect the termination of such Litigation Trustee's capacity under this Agreement; (b) promptly deliver to the successor Litigation Trustee all documents, instruments, records, and other writings related to the Litigation Trust as may be in the possession of the Litigation Trustee; *provided*, *however*, that such Litigation Trustee may retain one copy of each of such documents for its purposes, subject to the terms of any joint prosecution and/or common interest agreement to which the Litigation Trustee is a party; and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by the successor Litigation Trustee.

9.4.   <u>Appointment of Successor Litigation Trustee</u>.  In the event that the Litigation Trustee or any successor Litigation Trustee ceases to serve as Litigation Trustee, a successor Litigation Trustee shall be appointed by the Litigation Trustee Advisory Board.

9.5.   <u>Acceptance of Appointment by Successor Litigation Trustee</u>.  Any successor Litigation Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the Bankruptcy Court for filing and, in case of the Litigation Trustee's resignation, to the resigning Litigation Trustee.  Thereupon, such successor Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion, and privileges of its predecessor Litigation Trustee with like effect as if originally named Litigation Trustee, and shall be deemed appointed pursuant to Bankruptcy Code section 1123(b)(3)(B).  The resigning or removed Litigation Trustee shall duly assign, transfer, and deliver to such successor Litigation Trustee all property and money held by such resigning or removed Litigation Trustee hereunder and shall, as directed by the Bankruptcy Court or as reasonably requested by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee upon the Litigation Trust herein expressed, all the liabilities, duties, powers, rights, title, discretion, and privileges of such resigning or removed Litigation Trustee.  If a successor Litigation Trustee has not been appointed within 30 days after resignation, termination or removal of the prior Litigation Trustee, the successor Litigation Trustee shall be appointed by the Bankruptcy Court.

9.6.    <u>Termination of the Role of Litigation Trustee</u>.  The role of the Litigation Trustee shall terminate on conclusion of winding up of the Litigation Trust in accordance with Section 3.2 of this Agreement

# ARTICLE X
# MISCELLANEOUS PROVISIONS

10.1.    <u>Governing Law</u>.    This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without reference to conflicts of laws that would result in the application of law of another jurisdiction).

10.2.    <u>Jurisdiction</u>.  Subject to the proviso below, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Litigation Trust and the Litigation Trustee, including, without limitation, the administration and activities of the Litigation Trust and the Litigation Trustee; *provided*, *however*, that notwithstanding the foregoing, the Litigation Trustee shall have the power and authority to bring any action in any court of competent jurisdiction as set forth in Section 8.5 of the Plan.

10.3.    <u>Severability</u>.  In the event any provision of this Agreement or the application thereof to any person or circumstance shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.4.    <u>Notices</u>.  Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by facsimile or other telegraphic means, sent by nationally recognized overnight delivery service, mailed by United States certified mail, or electronic mail. The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party, (b) the date of personal delivery (or refusal upon presentation for delivery), (c) the date of the transmission confirmation, or (d) three business days after service by United States certified mail, to the receiving party's below address(es) until a change of address is communicated as provided below:

      i.      if to the Litigation Trustee, to:

             Bradley E. Scher
             [                    ]

             with a copy to:

             [                    ]

      ii.     if to any SC Litigation Trust Beneficiary, to the latest known address of such SC Litigation Trust Beneficiary according to the Litigation Trustee's records; and

iii. if to the Debtors, to:

   Mesabi Metallics Company LLC
   Attention: Legal Department
   555 W. 27th Street
   Hibbing, Minnesota 55746
   Telephone: (218) 263-3331
   Facsimile: (218) 262-1497
   E-mail: legal@mesabimetallics.com

   With a copy to (which shall not constitute notice) to:

   White & Case LLP
   Attention: Ronald K. Gorsich
   555 South Flower Street, Suite 2700
   Los Angeles, California 90071
   Telephone: (213) 620-7700
   Facsimile: (213) 452-2329
   Email: rgorisch@whitecase.com

   -and-

   Fox Rothschild LLP
   Attention: Jeffrey M. Schlerf
   919 North Market Street, Suite 300
   Wilmington, Delaware 19801
   Telephone: (302) 654-7444
   Facsimile: (302) 656-8920
   Email: JSchlerf@foxrothschild.com

iv. if to the Reorganized Company, to:

   [Mesabi Metallics Company LLC
   Attention: Legal Department
   555 W. 27th Street
   Hibbing, Minnesota 55746
   Telephone: (218) 263-3331
   Facsimile: (218) 262-1497
   E-mail: legal@mesabimetallics.com]

   With a copy to (which shall not constitute notice) to:

   [   ]

10.5. <u>Headings</u>.  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

10.6.  <u>Confidentiality</u>.  The Litigation Trustee and each successor trustee and each member of the Litigation Trustee Advisory Board and each successor member of the Litigation Trustee Advisory Board (each a "**Covered Person**") shall, during the period that they serve in such capacity under this Agreement and following either the termination of this Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the SC Litigation Trust Assets relates or of which it has become aware in its capacity (the "**Information**"), except to the extent disclosure is required by applicable law, order, regulation or legal process.  In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person shall notify the Litigation Trustee Advisory Board reasonably promptly (unless prohibited by law) so that the Litigation Trustee Advisory Board may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section 10.6 (and if the Litigation Trustee Advisory Board seeks such an order, the relevant Covered Person will provide cooperation as the Litigation Trustee Advisory Board shall reasonably request).  In the event that no such protective order or other remedy is obtained, or that the Litigation Trustee Advisory Board waives compliance with the terms of this Section 10.6 and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Litigation Trustee Advisory Board written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

10.7.  <u>Plan</u>.  The terms of this Agreement are intended to supplement the terms provided by the Plan and, if applicable, the Confirmation Order.  Accordingly, in the event of any conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan or the Confirmation Order, on the other, the provisions of the Plan or the Confirmation Order, as applicable, shall govern and control.  In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern and control.

10.8.  <u>Cooperation</u>.  The Debtors and the Reorganized Company shall turn over or otherwise make available to the Litigation Trustee copies of all books and records reasonably required by the Litigation Trustee to investigate, prosecute, compromise, object to, and/or settle (a) the SC Claims, (b) affirmative claims or Causes of Action arising from or related to the SC Litigation Trust Assets, and (c) the SC Trust Claims, and agree to otherwise reasonably cooperate with the Litigation Trustee in carrying out its duties hereunder to the extent required under Section 8.6 of the Plan and the Transition Services Agreement.  The Litigation Trustee shall provide reasonable cooperation to the UC Litigation Trustee in respect of UC Litigation Trust Claims.

10.9.  <u>Entire Agreement</u>.  Except as otherwise provided in the Plan or the Confirmation Order, the Plan and this Agreement contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

10.10.  Amendment.  This Agreement may be amended by (a) order of the Bankruptcy Court; (b) in the event that the rights, duties, or obligations of the Reorganized Company are to be affected, with the express written consent of the Reorganized Company; (c) subject to the limitations imposed by (b), the approval or all parties hereto; or (d) in accordance with Section 8.9 of the Plan; *provided*, *however*, that the approval of the Bankruptcy Court shall be required for any changes or amendments to this Agreement that are inconsistent with the terms of the Plan or the Confirmation Order.  In the event that the Litigation Trust shall fail or cease to qualify as a Litigation Trust in accordance with Treasury Regulations Section 301.7701-4(d), this Agreement may be amended by the Litigation Trustee to the extent necessary for the Litigation Trustee to take such action as it shall deem appropriate to have the Litigation Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Tax Code), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

10.11.  Meanings of Terms.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa, and words importing persons shall include firms, associations, corporations, and other entities.  All references herein to Articles, Sections, and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules, or other law, statute, or regulation, refer to the corresponding Articles, Sections, and other subdivisions of this Agreement, and the word "herein" and words of similar import refer to this Agreement as a whole and not to any particular Article, Section, or subdivision of this Agreement.  The term "including" shall mean "including, without limitation."

10.12.  Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or electronic mail signature of any party shall be considered to have the same binding, legal effect as an original signature.

**[Remainder of Page Blank—Signature Page Follows]**

**IN WITNESS HEREOF**, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives, or agents, effective as of the date first above written.

**MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC), as Reorganized Company**

By: _____

Name:
Title:

**MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC) AND ESML HOLDINGS INC., as debtors in possession**

By: _____

Name:
Title:

**BRADLEY E. SCHER, as Litigation Trustee**

By: _____

Name:
Title:

## [FORM OF] SC LITIGATION TRUST AGREEMENT

This **LITIGATION TRUST AGREEMENT** (as hereinafter amended, restated, or modified from time to time in accordance with the terms hereof, this "**Agreement**") is made and entered into, as of this [●] day of [●], 2017, by and among Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc., as settlors in their capacities as debtors in possession in the Chapter 11 Cases (as defined below) (the "**Debtors**"); Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC), a Minnesota company, solely in its capacity as a post-Effective Date reorganized company (the "**Reorganized Company**"); and Bradley E. Scher, as trustee of the Litigation Trust referred to herein (in such capacity, and any successor thereto, the "**Litigation Trustee**"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Third Amended Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* [D.I. 990] (including all exhibits attached thereto or referenced therein, as the same may be amended, modified, or supplemented, the "**Plan**").

### Background

A.     On July 8, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The cases are jointly administered in the case styled *Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626 (BLS) (the "**Chapter 11 Cases**").

B.     On March 17, 2017, the Bankruptcy Court entered its *Order (i) Approving the First Amended Disclosure Statement Relating to the Chapter 11 Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC), (ii) Approving Form of Ballots and Proposed Solicitation and Tabulation Procedures for the Plan, (iii) Approving the Solicitation Packages and prescribing the Form and Manner of Notice and Distribution Thereof, (iv) Establishing Procedures for Voting in Connection with the Plan Confirmation Process, and (v) Scheduling a Confirmation Hearing* [D.I. 817] (the "**Disclosure Statement Order**").

C.     On [●], 2017, the Bankruptcy Court entered an order confirming the Plan [D.I. [●]] (the "**Confirmation Order**").

D.     On the date hereof, the Effective Date of the Plan occurred.

E.     The Plan provides that the Litigation Trust shall be established for the purposes of (i) liquidating its assets in accordance with Treasury Regulations Section 301.7701-4(d); (ii) administering the SC Litigation Trust Assets; and (iii) after consultation with the Litigation Trust Advisory Board, (a) resolving all Trust Claims pertaining to the SC Litigation Trust Assets and (b) making all Plan Distributions pertaining to the SC Litigation Trust Assets to the SC Litigation Trust Beneficiaries.

F.     The Litigation Trustee shall have all powers necessary to implement the provisions of this Agreement and to administer the Litigation Trust, as provided herein.

**Agreement**

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants contained herein, the Debtors and the Litigation Trustee agree as follows:

**ARTICLE I**
**DECLARATION OF TRUST**

1.1.    Creation of Trust.  Pursuant to the Plan and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, the "SC Mesabi Litigation Trust" (the "**Litigation Trust**") is constituted and created hereby on behalf and for the sole and exclusive benefit of the SC Litigation Trust Beneficiaries, *provided* that the Tranche 1 Claims are for the benefit of the Class A Beneficiaries and the Tranche 2 Claims are for the benefit of the Class A Beneficiaries and the Class UC Beneficiaries.  In connection with the performance of its role as Litigation Trustee hereunder, the Litigation Trustee may use the "SC Mesabi Litigation Trust" name.

1.2.    Purpose of Trust.  The Litigation Trust is established for the purposes set forth in Section 8.3 of the Plan, with the primary purposes of (a) liquidating its assets in accordance with United States Treasury Regulation Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to effectuate, and consistent with, the liquidating purpose of the Litigation Trust; (b) administering the SC Litigation Trust Assets; (c and (c) after consultation with the Litigation Trust Advisory Board, (i) resolving all SC Claims; and (dii) making all Plan Distributions with respect to the SC Litigation Trust Assets to the SC Litigation Trust Beneficiaries.  The Litigation Trust is not a successor in interest of the Debtors or the Reorganized Company for any purpose other than as specifically set forth in the Plan, including Section 8.2 of the Plan, and this Agreement.  The Litigation Trust is intended to qualify as a "grantor trust" for federal income tax purposes, with the SC Litigation Trust Beneficiaries treated as grantors and deemed owners of the Litigation Trust.

1.3.    Authorization of Litigation Trust.  The Litigation Trust, acting through the Litigation Trustee, shall be authorized to perform the functions set forth in the Plan (including, without limitation, as set forth in Section 8.3 of the Plan).

1.4.    Transfer of Litigation Trust Assets.

(a)    The SC Litigation Trust Assets and associated rights have automatically vested in the Litigation Trust pursuant to Section 8.2 of the Plan on the date hereof, free and clear of all Claims and interests, for the benefit of the SC Litigation Trust Beneficiaries.  To facilitate the prosecution, litigation, allowance, and/or settlement of or objection to (i) the SC Claims and (ii) affirmative claims or Causes of Action arising from or related to the SC Litigation Trust Assets and SC Claims, the Reorganized Company and the Litigation Trustee have entered into the Transition Services Agreement.  None of the foregoing transfers to the Litigation Trust shall constitute a merger or consolidation of any of the respective SC Claims, each of which shall retain its separateness following the transfer for all purposes relevant to the prosecution thereof.  No SC Litigation Trust Beneficiary shall have legal title to any part of the

SC Litigation Trust Assets.  The Litigation Trust shall succeed to and constitute the assignee of all rights, powers and privileges that, before the Effective Date of the Plan, could be exercised by the Debtors, the Committee, any representative of the Estates, and any comparable authority or equivalent authority in any foreign jurisdiction, including a trustee or examiner with expanded powers, with respect to any SC Claims against any Person.

(b)     In connection with the vesting and transfer of the SC Litigation Trust Assets, as provided in Section 8.2 of the Plan, any attorney-client privilege, work-product protection, or other privilege or immunity attaching to any documents or communications (whether written or oral) relating to the SC Litigation Trust Assets shall be transferred to and vest in the Litigation Trust and may be asserted by the Litigation Trustee and its representatives.  The Reorganized Company and the Litigation Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges.  After the Effective Date, no Person other than the Litigation Trustee may assert or waive any such attorney-client privilege, work-product privilege or other privilege or immunity attaching to any such documents or communications (whether written or oral) transferred to, affirmative claims or Causes of Action arising from or related to the Litigation Trust Assets and Trust Claims, and objections to the Trust Claims shall vest in the Litigation Trust.  Any and all work product created by or on behalf of the Litigation Trustee, the Litigation Trustee's retained professionals (including counsel), agents, representatives, and employees shall be deemed confidential to the extent that such work product is not protected by the attorney client privilege, attorney work-product doctrine, or any other applicable privilege.  All meetings, discussions, correspondence and/or documents by or between the Litigation Trust and the UC Litigation Trust in furtherance of the joint defense, investigation and/or prosecution of Litigation Trust Assets are private and confidential and are subject to joint defense privilege and attorney work-product privileges.  The Litigation Trust and the UC Litigation Trust and their respective Litigation Trustees and Litigation Trust Advisory Boards agree to preserve the strict confidentiality of all such information, documents, materials and communications as to any third party, except as required by law or court order, and no other Person may assert or waive any such attorney-client privilege, work-product protection privilege or other privilege or immunity.

(c)     The transfer of the SC Litigation Trust Assets to the Litigation Trust is hereby made for the sole and exclusive benefit of and on behalf of the SC Litigation Trust Beneficiaries, *provided* that the Tranche 1 Claims are for the benefit of the Class A Beneficiaries and the Tranche 2 Claims are for the benefit of the Class A Beneficiaries and the Class UC Beneficiaries.

(d)     To the extent that any SC Litigation Trust Assets cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such SC Litigation Trust Assets shall be deemed to have been retained by the Debtors and the Litigation Trustee shall be deemed to have been designated as a representative of the Debtors pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such SC Litigation Trust Assets on behalf of the Debtors and all proceeds, income and recoveries on account of any such SC Litigation Trust Assets shall be assets of the Litigation Trust and paid over thereto immediately upon receipt by any Debtor or any other Person.

1.5.    <u>Liquidation of Litigation Trust Assets</u>.  The Litigation Trustee shall, in an expeditious and orderly manner, and subject to the other provisions of the Plan, liquidate and convert the SC Litigation Trust Assets to Cash, make timely distributions in accordance with the terms of the Plan and this Agreement, and not unduly prolong the existence of the Litigation Trust.  The Litigation Trustee shall exercise reasonable business judgment and liquidate the SC Litigation Trust Assets to maximize net recoveries of the Tranche 1 Claims to Class A Beneficiaries and Tranche 2 Claims to the SC Litigation Trust Beneficiaries; *provided* that the Litigation Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of such recoveries.

1.6.    <u>Appointment and Acceptance of Litigation Trustee</u>.  The Litigation Trustee is the Person appointed pursuant to Section 8.4 of the Plan and as set forth in the Confirmation Order.  The Litigation Trustee accepts the Litigation Trust created by this Agreement and the grant, assignment, transfer, conveyance, and delivery to the Litigation Trust, in trust for the benefit of the SC Litigation Trust Beneficiaries, by the Debtors of all of their respective right, title, and interest in the SC Litigation Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan and in the Confirmation Order.

1.7.    <u>No Reversion to Debtors</u>.  In no event shall any part of the SC Litigation Trust Assets revert to or be distributed to any of the Debtors or the Reorganized Company.

1.8.    <u>Incidents of Ownership</u>.  The SC Litigation Trust Beneficiaries shall be the sole beneficiaries of the Litigation Trust and the SC Litigation Trust Assets, and the Litigation Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized in the Plan or the Confirmation Order.

1.9.    <u>Intervention and Substitution</u>.  On the Effective Date, and without having to obtain any further order of the Bankruptcy Court, the Litigation Trustee shall be deemed to have intervened as plaintiff, movant, or additional party, as appropriate, in any SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets, including adversary proceedings, contested matters, motions and other actions, in each case filed by any Debtor, the Committee, or any other estate representative prior to the Effective Date, and on the Effective Date, shall be deemed substituted as the sole plaintiff in respect of any SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets.  Without limiting the foregoing, the Litigation Trustee shall take any and all actions necessary or prudent to intervene in the SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets in a timely manner.

## ARTICLE II
## SC LITIGATION TRUST BENEFICIARIES

2.1.    <u>SC Litigation Trust Beneficiaries</u>.  The SC Litigation Trust Beneficiaries are the holders of Class A Beneficial Trust Interests in the Litigation Trust.

2.2.    <u>Rights of SC Litigation Trust Beneficiaries</u>.  Each SC Litigation Trust Beneficiary shall be entitled to participate in the rights and benefits due to such SC Litigation Trust Beneficiary according to this Agreement, the Plan, and the Confirmation Order.  The interest of

an SC Litigation Trust Beneficiary is hereby declared and shall be in all respects personal property. Except as expressly provided hereunder, an SC Litigation Trust Beneficiary's interest in the Litigation Trust (such interest, a "**Litigation Trust Interest**") shall be beneficial only. As such, an SC Litigation Trust Beneficiary shall have no title to, right to, possession of, management of or control of the Litigation Trust or the SC Litigation Trust Assets, nor to any right to partition or division of such assets or to an accounting, except as specifically provided in the Plan, the Confirmation Order, or this Agreement.

2.3.    Evidence of Litigation Trust Interest. Ownership of a Litigation Trust Interest shall not be evidenced by any certificate, security or receipt, or in any other form or manner whatsoever, except in a registry of the SC Litigation Trust Beneficiaries and their respective Litigation Trust Interests (the "**Registry**") maintained by the Litigation Trustee (or any agent appointed by the Litigation Trustee for purposes of maintaining a record of the SC Litigation Trust Beneficiaries and their respective Litigation Trust Interests). The Litigation Trustee shall, upon written request of an SC Litigation Trust Beneficiary, provide reasonably adequate documentary evidence of such holder's Litigation Trust Interest, as indicated in the books and records of the Litigation Trust. The expense of providing such documentation shall be borne by the requesting SC Litigation Trust Beneficiary. The death, incapacity or bankruptcy of any SC Litigation Trust Beneficiary during the term of the Litigation Trust shall not (i) operate to terminate the Litigation Trust, (ii) entitle the representatives or creditors of the deceased party to an accounting, (iii) entitle the representatives or creditors of the deceased party to take any action in the Bankruptcy Court or elsewhere for the distribution of the SC Litigation Trust Assets or for a partition thereof or (iv) otherwise affect the rights and obligations of any of the SC Litigation Trust Beneficiaries hereunder. The Litigation Trustee shall make the Registry available to members of the ~~of~~ Litigation Trust Advisory Board upon the written request of any such member.

2.4.    No Transfers of Litigation Trust Interests. The Litigation Trust Interests shall not be assignable or transferable, except (i) to a Related Fund (as defined below) of the SC Litigation Trust Beneficiary holding such Litigation Trust Interest or (ii) by will, intestate succession, or operation of law (each under clause (i) or (ii), a "**Permitted Transfer**"). "**Related Fund**" means, with respect to any Person, an affiliate of such Person, or a fund or account managed or advised by such Person or managed or advised by the same investment advisor or investment manager of such Person. Any purported assignment or transfer of a Litigation Trust Interest or any part thereof, except in a Permitted Transfer, shall constitute a violation of this Section 2.4 and shall be void *ab initio*.

2.5.    Conflicting Claims. If any conflicting claims or demands are made or asserted with respect to a Litigation Trust Interest, the Litigation Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands. In so refusing, the Litigation Trustee may elect to make no payment or distribution with respect to the Litigation Trust Interest represented by the claims or demands involved, or any part thereof, and the Litigation Trustee shall refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. In so doing, the Litigation Trustee shall not be or become liable to any party for its refusal to comply with any of such conflicting claims or demands. The Litigation Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final

Order of the Bankruptcy Court or (b) all differences have been resolved by a written agreement among all of such parties and the Litigation Trustee, which agreement shall include a complete release of the Litigation Trust and the Litigation Trustee with respect to the subject matter of the dispute (the occurrence of either (a) or (b) being referred to as a "**Dispute Resolution**" in this Section 2.5). Until a Dispute Resolution is reached with respect to such conflicting claims or demands, the Litigation Trustee shall hold in a segregated interest-bearing account any payments or distributions from the Litigation Trust to be made with respect to the Litigation Trust Interest at issue. Promptly after a Dispute Resolution is reached, the Litigation Trustee shall transfer the payments and distributions, if any, held in the segregated account, together with any interest and income generated thereon, in accordance with the terms of such Dispute Resolution.

2.6.    _Limited Liability_.  No provision of this Agreement, the Plan, or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any SC Litigation Trust Beneficiary, shall give rise to any liability of such SC Litigation Trust Beneficiary solely in its capacity as such. SC Litigation Trust Beneficiaries are deemed to receive their beneficial interests in the Litigation Trust as set forth in this Agreement, the Plan, and the Confirmation Order in exchange for their Allowed Claims without further obligation or liability of any kind, but subject to the provisions of this Agreement, the Plan, or the Confirmation Order.

## ARTICLE III
## DURATION AND TERMINATION OF TRUST

3.1.    _Duration_.  The Litigation Trust shall be deemed effective upon the date hereof and shall remain and continue in full force and effect until the date of its termination (the "**Termination Date**"). The Termination Date shall occur at such time as (a) all assets of the Litigation Trust have been liquidated; and (b) all distributions required to be made by the Litigation Trustee under the Plan have been made (subject to reservation of any Litigation Trust Assets reasonably necessary to facilitate winding up of the affairs of the Litigation Trust as set forth in Section 3.2 of this Agreement), in accordance with the Plan, the Confirmation Order, and this Agreement. The term of the Litigation Trust shall not exceed five years from the Effective Date; _provided_, _however_, that if an extension is necessary to the liquidating purpose of the Litigation Trust, and subject to the approval of the Bankruptcy Court, the term may be extended one or more times, but only up to five years in the aggregate, pursuant to Section 8.16 of the Plan. Notwithstanding anything to the contrary in this Agreement, in no event shall the Litigation Trustee unduly prolong the duration of the Litigation Trust, and the Litigation Trustee shall, in the exercise of its reasonable business judgment and in the interests of the SC Litigation Trust Beneficiaries, at all times prosecute the SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets in a manner reasonably calculated to maximize net recoveries to the SC Litigation Trust Beneficiaries. Notwithstanding the foregoing or any other provision of the Plan or this Agreement, the Litigation Trustee may make distributions of Cash held by the Litigation Trust to the SC Litigation Trust Beneficiaries at such times as required by the Plan or otherwise as the Litigation Trustee shall determine and in accordance with Section 4.3 of this Agreement.

3.2.    _Continuance of Trust for Winding Up_.  After the Termination Date, and solely for the purpose of winding up the affair of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed. The Litigation Trustee shall retain the

books, records, and files that shall have been delivered to or created by the Litigation Trustee, until such time that the Litigation Trustee determines, in its discretion, that such books, records, and files may be destroyed (unless such records and documents are necessary to fulfill the Litigation Trustee's obligations pursuant to Sections 4.5 and 6.1 of this Agreement), subject to the terms of any joint prosecution and common interests agreement(s) to which the Litigation Trustee may be a party. Except as otherwise specifically provided herein, upon the final distribution of the SC Litigation Trust Assets, the Litigation Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the SC Litigation Trust Beneficiaries as provided in Section 4.4 hereof and as may be imposed on the Litigation Trustee by virtue of Section 6.1 hereof, and the interests of the SC Litigation Trust Beneficiaries shall be cancelled and the Litigation Trust will be deemed to have been dissolved.

## ARTICLE IV
## ADMINISTRATION OF LITIGATION TRUST

4.1.    Payment of Claims, Expenses, and Liabilities.  The Litigation Trustee shall expend the Cash of the Litigation Trust: (a) to pay reasonable administrative expenses of the Litigation Trust that are incurred (including, but not limited to, any taxes imposed on the Litigation Trust or professional fees and expenses in connection with the administration and liquidation of the SC Litigation Trust Assets and preservation of books and records as provided in Section 3.2 of this Agreement); (b) to satisfy obligations or other liabilities incurred or assumed by the Litigation Trust (or to which the SC Litigation Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order, this Agreement, and applicable U.S. law or regulation (it being understood that the Litigation Trust has not assumed any obligations or liabilities of the Debtors or the Reorganized Company), including fees and costs incurred in connection with the protection, preservation, liquidation, and distribution of the SC Litigation Trust Assets and the costs of investigating, prosecuting, and resolving the SC Claims or other Causes of Action arising from or related to the SC Litigation Trust Assets; (c) to pay the costs incurred by the Litigation Trust in prosecution and/or settlement of objections to, and/or estimation of the Trust Claims; (d) to pay any fees or expenses pursuant to Section 8.6 of the Plan or arising from the Transition Services Agreement; and (e) to satisfy any other obligations of the Litigation Trust expressly set forth in the Plan, the Confirmation Order, or this Agreement.

4.2.    Funding of the Trust.  The Litigation Trust shall be funded as set forth in the Plan or as otherwise approved by the Litigation Trust Advisory Board.

4.3.    Distributions.

(a)    Timing and Amount of Distributions.  Holders of Litigation Trust Interests shall receive distributions as set forth in Sections 8.11 and 8.12 of the Plan, and as otherwise provided in the Plan, the Confirmation Order, or this Agreement.

(b)    The Class A Beneficiaries shall receive all Net Available Cash distributed on account of the Tranche 1 Claims, *provided* that if no insurance proceeds are received by the UCs Litigation Trust with respect to the Individual Claims after the UC Litigation Trustee's good faith efforts to collect under all applicable insurance policies, the UC Litigation Trust shall be entitled to 2.0% of the Net Available Cash distributed on account of the Tranche 1 Claims,

less any amount of Net Available Cash distributed to the Class UC Beneficiaries from the UC Litigation Trust.

(c)    Net Available Cash distributed on account of the Tranche 2 Claims shall be distributed to Class A Beneficiaries and the UC Litigation Trust in accordance with the allocation set forth in Section 8.12 of the Plan.

(d)    The Litigation Trust may transfer any Net Available Cash that is for the benefit of Class UC Beneficiaries to the UC Litigation Trust for distribution to Class UC Beneficiaries.

(e)    Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee is not required to make a distribution to an SC Litigation Trust Beneficiary if such distribution would be less than $25.00 in the aggregate, except as provided in Section 9.7 of the Plan.

(f)    Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee shall cause the Litigation Trust, at all time, to retain sufficient funds (the "**Expense Reserve**") as the Litigation Trustee shall determine are reasonably necessary for the Litigation Trust to (i) meet contingent liabilities and maintain the value of the SC Litigation Trust Assets during liquidation; (ii) make the payments and satisfy all obligations and liabilities described in Section 4.1 of this Agreement as well as satisfy all obligations to remit amounts pursuant to applicable U.S. and non-U.S. laws relating to taxes; and (iii) fund the reasonable, documented out-of-pocket fees and expenses of both (x) the Litigation Trustee in accordance with the terms of the Litigation Trustee's engagement, and (y) the professionals retained by the Litigation Trust (the "**Litigation Trust Professionals**"). For the avoidance of doubt, the Litigation Trustee shall not be deemed to be an "underwriter" in connection with its distribution of any Litigation Trust Assets, as such term is defined in section 1145(b) of the Bankruptcy Code, and no employees, agents, or representatives of the Litigation Trustee shall be deemed to be a "broker-dealer as such term is defined in the Securities Exchange Act of 1934, as amended, or any rules promulgated thereunder.

(g)    Priority of Distribution of Litigation Trust Assets and Proceeds.  Any Litigation Trust Assets or proceeds thereof available for distribution shall be applied (a) first, to pay or reimburse, as applicable, the reasonable, documented out-of-pocket fees, costs, expenses, and liabilities of the Litigation Trust and the Litigation Trustee, as provided in Section 4.1 of this Agreement; and (b) second, to distributions to the SC Litigation Trust Beneficiaries and, if applicable, the UC Litigation Trust for the benefit of the UC Litigation Trust Beneficiaries, pursuant to Sections 8.11 and 8.12 of the Plan.

(h)    Distribution of Litigation Trust Asset Proceeds upon Liquidation. Promptly upon complete liquidation of the SC Litigation Trust Assets, the Litigation Trustee shall distribute any Litigation Trust Assets available for distribution not yet distributed from the Litigation Trust in accordance with the terms of the Plan and this Agreement.

4.4.    Delivery of Distributions; Addresses; Undeliverable Property.  Distributions to the SC Litigation Trust Beneficiaries shall be made by the Litigation Trustee in accordance with

and to the addresses as set forth in Section 9.3 of the Plan. Distributions shall be delivered or deemed undeliverable and treated accordingly as set forth in Section 9.3 of the Plan. As soon as practicable following the Effective Date, the Reorganized Company shall deliver or cause to be delivered to the Litigation Trustee a list of the SC Litigation Trust Beneficiaries, setting forth the addresses listed on the applicable proofs of claim (or at the last known address if no proof of claim is filed or if the Debtors have been notified in writing of a change of address). The Litigation Trustee shall have the absolute and unconditional right, but not obligation, to rely on the information provided by the Reorganized Company for purposes of notices and distributions under this Agreement, except that, with respect to Litigation Trust Interests that are assigned pursuant to Section 2.4 of this Agreement, the Litigation Trustee shall only use any information provided by an assignee for purposes of notices and distributions.

4.5.    Reports. The Litigation Trustee shall prepare reports in accordance with Section 8.5(a) of the Plan and comply with its obligations set forth therein, including, without limitation, consulting with and providing status reports to the Litigation Trust Advisory Board no less frequently than monthly, which reports may occur telephonically.

4.6.    Exchange Act. In addition to certain requirements set forth in this Agreement, the Litigation Trust shall take such precautions as the Litigation Trustee shall deem necessary or appropriate for the Litigation Trust to avoid becoming subject to the registration requirements of the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"); *provided*, *however*, that if the Litigation Trust becomes subject to such registration requirements, the Litigation Trustee shall cause the Litigation Trust to register pursuant to, and comply with, the application reporting requirements of the Exchange Act.

4.7.    Fiscal Year; Fiscal Quarter. Except for the first and last years of the Litigation Trust, the fiscal year of the Litigation Trust shall be the "calendar year" as such term is defined in section 441 of the Tax Code (as defined below). For the first and last years of the Litigation Trust, the fiscal year of the Litigation Trust shall be such portion of the calendar year that the Litigation Trust is in existence. Fiscal quarters for the Litigation Trust shall be the quarters of January-March, April-June, July-September, and October-December, and any portion thereof at the beginning and end of the Litigation Trust's existence.

4.8.    Books and Records. The Litigation Trustee shall maintain books and records in accordance with Section 8.5(c) of the Plan. Such books and records shall be maintained until such time as set forth in Section 3.2 of this Agreement.

4.9.    Cash Payments and Cash Accounts. Cash payments made pursuant to this Agreement shall be made in accordance with Sections 8.11 and 8.12 of the Plan. All Cash of the Litigation Trust shall be maintained in a United States financial institution.

## ARTICLE V
## TAX MATTERS

5.1.    Tax Treatment. The Debtors, the Reorganized Company, the Litigation Trustee, and SC Litigation Trust Beneficiaries, as applicable, will treat the Litigation Trust as a "Litigation Trust" within the meaning of Treasury Regulation Section 301.7701-4(d)) and any

comparable provision of State or local law.  The Litigation Trust shall be considered a "grantor" trust and is intended to comply with the requirements of a Litigation Trust, which is a grantor trust, as set forth in Revenue Procedure 94-45, 1994-2 C.B. 684.  Consistent with this treatment, for all federal, state, and local income tax purposes, the SC Litigation Trust Assets shall be treated as being transferred by the Debtors to the SC Litigation Trust Beneficiaries in exchange for their Allowed Claims and then as being transferred by the SC Litigation Trust Beneficiaries to the Litigation Trust.  The SC Litigation Trust Beneficiaries will be treated for federal, state, and local income tax purposes as the grantors and deemed owners of the Litigation Trust.  The Debtors, the Litigation Trustee, and the SC Litigation Trust Beneficiaries will use consistent valuations of the SC Litigation Trust Assets (and liabilities) as of the Effective Date in accordance with Section 8.3 of the Plan.  The Litigation Trustee shall be authorized to take any action necessary to maintain compliance with Treasury Regulation Section 301.7701-4(d) or any successor regulation thereto that does not contradict the terms of this Agreement, the Plan, or the Confirmation Order.  In the event the Litigation Trust shall fail or cease to qualify as a Litigation Trust in accordance with Treasury Regulation Section 301.7701-4(d), the Litigation Trustee shall take such action as it shall deem appropriate to have the Litigation Trust classified as a partnership for federal tax purposes under Treasury Regulation Section 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Internal Revenue Code of 1986, as amended (the "**Tax Code**")), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

5.2.    Tax Reporting.  The "taxable year" of the Litigation Trust shall be the "calendar year" as those terms are defined in Section 441 of the Tax Code.  The Litigation Trustee shall file tax returns for the Litigation Trust as a grantor trust pursuant to Section 671 of the Tax Code, Treasury Regulation 1.671-4(a), and report, but not pay tax on, the Litigation Trust's items of income, gain, loss, deduction, and credit.  All of the Litigation Trust's income shall be treated as subject to tax on a current basis.  The Litigation Trustee shall annually, within 75 days after the end of each calendar year, send to each record holder of a Litigation Trust Interest a separate statement setting forth the holder's share of items of income, gain, loss, deduction, and credit for such year, and will instruct all such holders to report such items on their income tax returns for such year.  Such reporting shall also occur within sixty days after the dissolution of the Litigation Trust.  The Litigation Trust's items of income, gain, loss, deduction, and credit will be allocated (subject to the provisions of Section 5.4 hereof) to the SC Litigation Trust Beneficiaries in accordance with their respective Litigation Trust Interests.

5.3.    Tax Withholdings.  The Litigation Trustee may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the Tax Code, or any provision of any foreign, state, or local tax law with respect to any payment or distribution to the SC Litigation Trust Beneficiaries.  All such amounts withheld, and paid to the appropriate taxing authority, shall be treated as amounts distributed to such SC Litigation Trust Beneficiaries for all purposes of this Agreement.  The Litigation Trustee shall be authorized to collect such tax information from the SC Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as it in its sole discretion deems necessary to effectuate the Plan and this Agreement.  The Litigation Trustee may refuse to make a distribution to any SC Litigation Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered; *provided*, *however*, that upon the SC Litigation Trust Beneficiary's delivery of such information, the Litigation Trustee shall make

such distribution to which the SC Litigation Trust Beneficiary is entitled, without any interest and income thereon, subject to Section 4.4 of this Agreement.

5.4.    _Foreign Tax Matters._  The Litigation Trustee shall take all reasonable steps, including the filing of any necessary documentation or elections with any non-U.S. tax authority, to minimize, under non-U.S. law: (i) the liabilities of the Litigation Trust and the SC Litigation Trust Beneficiaries for non-U.S. taxes, interest, penalties, and other amounts; (ii) the obligations of the Litigation Trust to file non-U.S. tax or information returns or other documentation; and (iii) the obligations of the Litigation Trust to withhold and remit amounts to any non-U.S. taxing authority in respect of payments or distributions of income or property by the Litigation Trust. The Litigation Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Litigation Trustee or the Litigation Trust under non-U.S. law relating to taxes.  The Litigation Trustee, or any other legal representative of the Litigation Trust, shall not distribute Litigation Trust Assets or any proceeds thereof without first having obtained all certificates required to have been obtained under applicable non-U.S. law relating to taxes.

## ARTICLE VI
## RESPONSIBILITIES OF, POWERS OF, AND LIMITATIONS ON THE LITIGATION TRUSTEE

6.1.    _Responsibilities of the Litigation Trustee._  The Litigation Trustee shall have such responsibilities expressly set forth in this Agreement and the Plan (including, without limitation, such responsibilities set forth in Section 8.5 of the Plan).

6.2.    _Powers of the Litigation Trustee._  The Litigation Trustee shall have such rights, powers, and privileges expressly set forth in this Agreement and the Plan (including, without limitation, such rights, powers, and authorities set forth in Section 8.5 of the Plan), and such other powers reasonably incidental thereto, and as otherwise provided by applicable law.

6.3.    _Limitations on Litigation Trustee._

(a)    Certain powers of the Litigation Trustee are limited by the Litigation Trustee Advisory Board pursuant to the Plan including, but not limited to, Sections 8.7 and 10.5 of the Plan thereof.

(b)    No part of the SC Litigation Trust Assets shall be used or disposed of by the Litigation Trustee in furtherance of any trade or business.  The Litigation Trustee shall, on behalf of the Litigation Trust, hold the Litigation Trust out as a trust in the process of liquidation and not as an investment company.  The Litigation Trustee shall not hold any assets, make or hold any investments or engage in any activities inconsistent with the treatment of the Litigation Trust as a Litigation Trust within the meaning of Treasure Regulations Section 301-7701-4(d) while the Litigation Trust qualifies as a liquidation trust; _provided_, _however_, that if the Liquidation Trust (or a Delaware limited liability company or limited liability partnership into which it shall be converted) shall be classified as a partnership for federal tax purposes under Treasury Regulation 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Tax Code), the foregoing restrictions shall not apply.  The Litigation Trustee shall not become a market-maker for the Litigation Trust Interests or otherwise attempt to create a

secondary market for such interests.  The Litigation Trustee shall be restricted to the liquidation of the SC Litigation Trust Assets on behalf of, and for the benefit of, the SC Litigation Trust Beneficiaries, the distribution and application of Litigation Trust Assets for the purposes set forth in this Agreement and the Plan, and the conservation and protection of the SC Litigation Trust Assets and the administration thereof in accordance with the provisions of this Agreement and the Plan.

(c)     Notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, only the Litigation Trustee shall have authority to settle or compromise SC Claims.  No such settlement or compromise shall require the review or approval of the Bankruptcy Court.  All settlements or compromises of SC Claims by the Litigation Trustee shall require approval of the Litigation Trust Advisory Board.

6.4.    <u>Agents and Professionals; Employees</u>.  The Litigation Trustee may employ Litigation Trust Professionals in accordance with Section 8.14 of the Plan.

6.5.    <u>Investment of Trust Monies</u>.  The Litigation Trustee shall, at such times as the Litigation Trustee deems appropriate, invest the SC Litigation Trust Assets and the proceeds thereof, as applicable, in highly-rated, short-term investments of which the length of term shall be consistent with the obligations to pay costs, expenses, and other obligations and make distributions under Article IV of this Agreement, which investments shall consist exclusively of (a) short-term investments issued or guaranteed by the United States or by a department, agency, or instrumentality of the United States, or (b) other short-term instruments of the highest credit rating available of two nationally recognized rating agencies.

## ARTICLE VII
## LITIGATION TRUSTEE ADVISORY BOARD

7.1.    <u>Litigation Trustee Advisory Board</u>.

(a)     A Litigation Trustee advisory board (the "**Litigation Trustee Advisory Board**") shall be established and consist of three Persons.  [_____, _____, and _____] are hereby designated and appointed to serve as the initial members of the Litigation Trustee Advisory Board.  The initial Litigation Trustee Advisory Board members hereby accept such designation and appointment and agree to serve in such capacity, as of the Effective Date, in accordance with this Agreement.

(b)     A member of the Litigation Trustee Advisory Board may resign following written notice to the Litigation Trustee and the other members of the Litigation Trustee Advisory Board.  Such resignation will become effective on the later to occur of (i) the day specified in such written notice and (ii) the date that is thirty (30) days after the date such notice is delivered.

(c)     A member of the Litigation Trustee Advisory Board may only be removed by entry of a Bankruptcy Court order finding that cause exists to remove such member.

(d)     Following the death, incapacity, resignation or removal of a member of the Litigation Trustee Advisory Board, the Prepetition Lenders that initially appointed such member to the Litigation Trustee Advisory Board pursuant to the Plan shall be entitled to

appoint such member's replacement to the Litigation Trustee Advisory Board by a vote of (i) holders of a majority of Class A-1 Beneficial Trust Interests if such member was initially appointed by Project Finance Lenders, or (ii) holders of a majority of Class A-2 Beneficial Trust Interests if such member was initially appointed by Term Loan Lenders, or (iii) holders of a majority of Class A-3 Beneficial Trust Interests if such member was initially appointed by Supplier Credit Lenders; *provided*, that if such Person(s) fail to make such replacement appointment within thirty (30) days after such death, incapacity, resignation or removal, the Litigation Trustee shall be entitled to nominate a Person to replace such member of the Litigation Trustee Advisory Board, which such Person must be approved by majority vote of the remaining members of the Litigation Trustee Advisory Board.

(e)     The Litigation Trustee Advisory Board may from time to time adopt or amend by-laws that are consistent with the terms and conditions of this Agreement.

7.2.    Powers of Litigation Trustee Advisory Board.  The Litigation Trustee Advisory Board shall have the authority and responsibility to oversee, review, and guide the activities and performance of the Litigation Trustee.  The Litigation Trustee Advisory Board's powers and responsibilities shall include: (a) approval of the Litigation Trustee's retention of professionals and service providers and the terms thereof; (b) approval of the Litigation Trustee's annual budgets; (c) approval of all Plan Distributions to be made from the SC Litigation Trust Assets; (d) approval of all settlements of the SC Claims; (e) termination of the Litigation Trustee, for cause, and (f) the appointment of any successor Litigation Trustee of the Litigation Trust.

7.3.    Meetings of the Litigation Trustee Advisory Board; Notice; Waiver of Notice. Meetings of the Litigation Trustee Advisory Board, may be held whenever and wherever called for by the Litigation Trustee or more than fifty percent of the members of the Litigation Trustee Advisory Board.  Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting of the Litigation Trustee Advisory Board will be given to the members of the Litigation Trustee Advisory Board in person or by telephone, or via mail, electronic mail, or facsimile transmission.  Notice to the members of the Litigation Trustee Advisory Board of any such special meeting will be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail or facsimile transmission, the same is transmitted at least one Business Day prior to the convening of the meeting, or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the members of the Litigation Trustee Advisory Board or to an adult member of his/her office staff or household, at least one Business Day prior to the convening of the meeting.  Any member of the Litigation Trustee Advisory Board may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, subject to applicable law. Except as provided in the next sentence below, the waiver must be in writing and signed by the applicable member or members of the Litigation Trustee Advisory Board entitled to the notice. The attendance of a member of the Litigation Trustee Advisory Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

7.4.    <u>Manner of Acting</u>.

(a)    A majority of the total number of members of the Litigation Trustee Advisory Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trustee Advisory Board; *provided*, *however*, that all decisions or approvals or other actions of the Litigation Trustee Advisory Board shall require the affirmative vote of a majority of all of the members of the Litigation Trustee Advisory Board, and such an affirmative vote obtained as to any particular matter, decision, approval or other action at a meeting at which a quorum is present shall be the act of the Litigation Trustee Advisory Board, except as otherwise required by law or as provided in this Litigation Trust Agreement.

(b)    Voting may, if approved by the majority of all of the members of the Litigation Trustee Advisory Board be conducted by electronic mail or individual communications by the Litigation Trustee and each member of the Litigation Trustee Advisory Board.

(c)    Any member of the Litigation Trustee Advisory Board who is present and entitled to vote at a meeting of the Litigation Trustee Advisory Board (including any meeting of the Litigation Trustee and the Litigation Trustee Advisory Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trustee Advisory Board unless:  (i) such member of the Litigation Trustee Advisory Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; or (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trustee Advisory Board before its adjournment.  The right of dissent or abstention is not available to any member of the Litigation Trustee Advisory Board who votes in favor of the action taken.

(d)    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Litigation Trustee Advisory Board shall report to the Litigation Trustee Advisory Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a holder of a Litigation Trust Interest).  A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (*provided*, *however*, such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trustee Advisory Board who are not "conflicted members" and, notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the members of the Litigation Trustee Advisory Board, who are not "conflicted members" shall be required to approve of such matter or issue and the same shall be the act of the Litigation Trustee Advisory Board.

7.5.    <u>Standard of Care; Exculpation</u>.  None of the Litigation Trustee Advisory Board, its respective members, designees or professionals, nor any of their duly designated agents or

representatives, shall be liable for the act or omission of any other member, agent or representative of the Litigation Trustee Advisory Board, nor shall the Litigation Trustee Advisory Board or any of its respective members be liable for any act or omission taken or omitted to be taken by the Litigation Trustee Advisory Board in good faith, other than for acts or omissions resulting from the Litigation Trustee Advisory Board's or any such member's, designee's, professional's, agent's or representative's bad faith or willful misconduct or knowing violation of law.  The Litigation Trustee Advisory Board and its members may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with the Litigation Trustee Advisory Board's attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons, other than for acts or omissions constituting bad faith, willful misconduct, knowing violation of law or actual fraud of the Litigation Trustee Advisory Board or any of its members.  Notwithstanding such authority, none of the Litigation Trustee Advisory Board or any of its members shall be under any obligation to consult with the Litigation Trustee Advisory Board's attorneys, accountants, financial advisors or agents, and their good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee Advisory Board or, as applicable, any of its members, designees, professionals, agents or representatives, unless such determination is based on bad faith, willful misconduct or knowing violation of law.  No amendment modification or repeal of this Section 7.5 shall adversely affect any right or protection of the Litigation Trustee Advisory Board, its members, designees, professional agents or representatives that exists at the time of such amendment, modification or repeal.

7.6.    <u>Indemnification</u>.  The Litigation Trustee Advisory Board, its members, their respective firms, companies, partners, officers, directors, employees, professionals, representatives, successors, and assigns (collectively, the "**Board Indemnified Parties**" and each a "**Board Indemnified Party**") shall be, and hereby are, indemnified by the Litigation Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds, covenants, judgments, damages, attorneys' fees, defense costs, and other assertions of liability arising out of any such Board Indemnified Party's good faith exercise of what such Board Indemnified Party reasonably understands to be its powers or the discharge of what such Board Indemnified Party reasonably understands to be its duties conferred by this Agreement, the Plan, or any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to its own fraud, self-dealing, intentional misrepresentation, or willful misconduct), including but not limited to, acts or omissions concerning pursuing or not pursuing the SC Claims of the Litigation Trust, on and after the Effective Date.  The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to (i) this Agreement or the Plan; (ii) the services to be rendered pursuant to this Agreement or the Plan; (iii) any document or information, whether verbal or written, referred to herein or supplied to the Litigation Trustee; or (iv) proceedings by or on behalf of any creditor. The Litigation Trust shall, on demand, advance, or pay promptly out of the SC Litigation Trust Assets, on behalf of the Board Indemnified Party, reasonable attorneys' fees and other expenses and disbursements to which such Board Indemnified Party would be entitled pursuant to the foregoing indemnification obligation; *provided*, *however*, that any Board Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court

of competent jurisdiction ultimately determines that such Board Indemnified Party is not entitled to indemnification hereunder due to the fraud, self-dealing, intentional misrepresentation, or willful misconduct of such Board Indemnified Party.  In any matter covered by the first two sentences of this subsection, any person entitled to indemnification shall have the right to employ such person's own separate counsel reasonably acceptable to the Litigation Trustee, at the Litigation Trust's expense, subject to the foregoing terms and conditions.

7.7.    Observation Rights.  Notwithstanding any provision of this Agreement to the contrary, the UC Litigation Trust Advisory Board may designate a person from time to time (the "**UC Litigation Trust Observer**") who shall have full observation and consultation rights (but not voting rights) with respect to all matters related to Tranche 2 Claims, including their prosecution and settlement.  The UC Litigation Trust Observer shall be entitled to attend meetings of the Litigation Trustee Advisory Board and to receive all information provided to the members of the Litigation Trustee Advisory Board to the extent relating to the prosecution and settlement of Tranche 2 Claims; *provided* that (i) the UC Litigation Trust Observer shall not be entitled to vote on any such matters and (ii) the UC Litigation Trust Observer shall be subject to the same obligations as members of the Litigation Trust Advisory Board with respect to confidentiality, except that any such information may be disclosed by the UC Litigation Trust Observer to the UC Litigation Trustee and the UC Litigation Trust Advisory Board, each of which shall have such confidentiality obligations.  This Section 7.7 may not be amended, modified, or deleted in any way without the prior written consent of the UC Litigation Trustee.

## ARTICLE VIII
## CONCERNING THE LITIGATION TRUSTEE

8.1.    Generally.  The Litigation Trustee shall use the same degree of care and skill in its exercise of the rights and powers vested in it by this Agreement and the Plan as a reasonably prudent person would exercise or use under the circumstances in the conduct of its own affairs.

8.2.    Reliance by the Litigation Trustee.  Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order:

(a)    The Litigation Trustee may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties;

(b)    The Litigation Trustee may absolutely and unconditionally presume that any other parties purporting to give notice of instructions in writing have been duly authorized to do so, and may rely on such notice; and

(c)    Persons (including any Litigation Trust Professionals) engaged in transactions with the Litigation Trustee shall look only to the SC Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such Persons in carrying out the terms of this Agreement, the Plan, or the Confirmation Order, and the Litigation Trustee shall have no personal or individual obligation to satisfy such liability.

8.3.    <u>Liability to Third Persons</u>.  Notwithstanding any other provision of this Agreement, the Litigation Trustee shall not be liable for any error of judgment, or any action taken or omitted to be taken hereunder or any action taken in good faith in reliance upon the advice of Litigation Trust Professionals retained by the Litigation Trustee in accordance with this Agreement.  The liability of the Litigation Trustee shall be limited as set forth in the Plan (including, without limitation, as set forth in Section 8.5(f) of the Plan) and as provided herein.  No provision of this Agreement, the Plan, or the Confirmation Order shall be construed to relieve the Litigation Trustee from liability for its own fraud or grossly negligent or willful misconduct.

8.4.    <u>Nonliability of Litigation Trustee for Acts of Others</u>.  Nothing contained in this Agreement, the Plan, or the Confirmation Order shall be deemed to be an assumption by the Litigation Trustee of any of the liabilities, obligations or duties of the Debtors, SC Litigation Trust Beneficiaries, the UC Litigation Trustee, or the Class UC Beneficiaries and shall not be deemed to be or contain a covenant or agreement by the Litigation Trustee to assume or accept any such liability, obligation, or duty.  Any successor Litigation Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Litigation Trustee hereunder, and any statement or representation made as to the assets comprising the SC Litigation Trust Assets or as to any other fact bearing upon the prior administration of the Litigation Trust, so long as it has a good faith basis to do so.  A successor Litigation Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement, or representation if it is later proved to be incomplete, inaccurate, or untrue.  A Litigation Trustee or successor Litigation Trustee shall not be liable for any act or omission or any predecessor Litigation Trustee, nor have a duty to enforce any claims against any predecessor Litigation Trustee on account of any such act or omission.

8.5.    <u>Exculpation of the Litigation Trustee</u>.  Except as provided in the Plan, the Litigation Trustee, together with any and all of its officers, directors, employees, agents, and representatives, are exculpated by all holders of Claims against and Equity Interests in the Debtors and all other parties in interest, from any and all Causes of Action arising out of the discharge of the powers and duties conferred upon the Litigation Trustee by the Plan, any Final Order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except solely for actions or omissions arising out of the Litigation Trustee's fraud, willful misconduct or gross negligence.  No Person shall have or pursue any Cause of Action (i) against the Litigation Trustee or the Litigation Trust's officers, directors, employees, agents, and representatives for making Plan Distributions in accordance with the Plan; or (ii) against any holder of a Claim for receiving or retaining Plan Distributions as provided for by the Plan.

8.6.    <u>Indemnity</u>.  The Litigation Trustee is indemnified by the Litigation Trust in accordance with Section 8.5(f) of the Plan.

8.7.    <u>Compensation and Expenses</u>.  The Litigation Trustee shall receive compensation at a rate of $[●] per month.  All such compensation shall be funded from the SC Litigation Trust Assets.  The Litigation Trustee shall be entitled to reimburse itself from the SC Litigation Trust Assets on a monthly basis, or as the Litigation Trustee otherwise deems appropriate, for all reasonable out-of-pocket expenses actually incurred by it in the performance of its duties in accordance with this Agreement.

## ARTICLE IX
## SUCCESSOR LITIGATION TRUSTEES

9.1.    <u>Resignation</u>.  The Litigation Trustee or any successor Litigation Trustee may resign from its position as trustee of the Litigation Trust with thirty days' notice served on the SC Litigation Trust Beneficiaries and filed with the Bankruptcy Court.

9.2.    <u>Removal</u>.  The Litigation Trustee or any successor Litigation Trustee may be removed from its position as trustee of the Litigation Trust by the Litigation Trustee Advisory Board solely for cause.

9.3.    <u>Effect of Resignation or Removal</u>.  The resignation, removal, incompetency, bankruptcy, or insolvency of the Litigation Trustee shall not operate to terminate the Litigation Trust or to revoke any existing agency created pursuant to the terms of this Agreement, the Plan, or the Confirmation Order, or to invalidate any action theretofore taken by the Litigation Trustee. All fees and expenses incurred by the Litigation Trustee prior to the resignation, removal, incompetency, bankruptcy, or insolvency of the Litigation Trustee shall be paid from the SC Litigation Trust Assets, unless such fees and expenses are disputed by the successor Litigation Trustee, in which case the Bankruptcy Court shall resolve the dispute and any disputed fees and expenses of the predecessor Litigation Trustee that are subsequently allowed by the Bankruptcy Court shall be paid from the SC Litigation Trust Assets.  In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee shall: (a) promptly execute and deliver such documents, instruments, and other writings as may be reasonably requested by the successor Litigation Trustee or directed by the Bankruptcy Court to effect the termination of such Litigation Trustee's capacity under this Agreement; (b) promptly deliver to the successor Litigation Trustee all documents, instruments, records, and other writings related to the Litigation Trust as may be in the possession of the Litigation Trustee; *provided*, *however*, that such Litigation Trustee may retain one copy of each of such documents for its purposes, subject to the terms of any joint prosecution and/or common interest agreement to which the Litigation Trustee is a party; and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by the successor Litigation Trustee.

9.4.    <u>Appointment of Successor Litigation Trustee</u>.  In the event that the Litigation Trustee or any successor Litigation Trustee ceases to serve as Litigation Trustee, a successor Litigation Trustee shall be appointed by the Litigation Trustee Advisory Board.

9.5.    <u>Acceptance of Appointment by Successor Litigation Trustee</u>.  Any successor Litigation Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the Bankruptcy Court for filing and, in case of the Litigation Trustee's resignation, to the resigning Litigation Trustee.  Thereupon, such successor Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion, and privileges of its predecessor Litigation Trustee with like effect as if originally named Litigation Trustee, and shall be deemed appointed pursuant to Bankruptcy Code section 1123(b)(3)(B).  The resigning or removed Litigation Trustee shall duly assign, transfer, and deliver to such successor Litigation Trustee all property and money held by such resigning or removed Litigation Trustee hereunder and shall, as directed by the Bankruptcy Court or as reasonably requested by the successor Litigation Trustee, execute and deliver an

instrument or instruments conveying and transferring to such successor Litigation Trustee upon the Litigation Trust herein expressed, all the liabilities, duties, powers, rights, title, discretion, and privileges of such resigning or removed Litigation Trustee. If a successor Litigation Trustee has not been appointed within 30 days after resignation, termination or removal of the prior Litigation Trustee, the successor Litigation Trustee shall be appointed by the Bankruptcy Court.

9.6.    Termination of the Role of Litigation Trustee. The role of the Litigation Trustee shall terminate on conclusion of winding up of the Litigation Trust in accordance with Section 3.2 of this Agreement

## ARTICLE X
## MISCELLANEOUS PROVISIONS

10.1.    Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without reference to conflicts of laws that would result in the application of law of another jurisdiction).

10.2.    Jurisdiction. Subject to the proviso below, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Litigation Trust and the Litigation Trustee, including, without limitation, the administration and activities of the Litigation Trust and the Litigation Trustee; *provided*, *however*, that notwithstanding the foregoing, the Litigation Trustee shall have the power and authority to bring any action in any court of competent jurisdiction as set forth in Section 8.5 of the Plan.

10.3.    Severability. In the event any provision of this Agreement or the application thereof to any person or circumstance shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.4.    Notices. Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by facsimile or other telegraphic means, sent by nationally recognized overnight delivery service, mailed by United States certified mail, or electronic mail. The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party, (b) the date of personal delivery (or refusal upon presentation for delivery), (c) the date of the transmission confirmation, or (d) three business days after service by United States certified mail, to the receiving party's below address(es) until a change of address is communicated as provided below:

    i.        if to the Litigation Trustee, to:

              Bradley E. Scher
              [                    ]

              with a copy to:

[                    ]

ii.     if to any SC Litigation Trust Beneficiary, to the latest known address of such SC Litigation Trust Beneficiary according to the Litigation Trustee's records; and

iii.    if to the Debtors, to:

Mesabi Metallics Company LLC
Attention: Legal Department
555 W. 27th Street
Hibbing, Minnesota 55746
Telephone:      (218) 263-3331
Facsimile:      (218) 262-1497
E-mail:                 legal@mesabimetallics.com

With a copy to (which shall not constitute notice) to:

White & Case LLP
Attention: Ronald K. Gorsich
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:      (213) 620-7700
Facsimile:      (213) 452-2329
Email:           rgorisch@whitecase.com

-and-

Fox Rothschild LLP
Attention: Jeffrey M. Schlerf
919 North Market Street, Suite 300
Wilmington, Delaware 19801
Telephone:      (302) 654-7444
Facsimile:      (302) 656-8920
Email:           JSchlerf@foxrothschild.com

iv.     if to the Reorganized Company, to:

[Mesabi Metallics Company LLC
Attention: Legal Department
555 W. 27th Street
Hibbing, Minnesota 55746
Telephone:      (218) 263-3331
Facsimile:      (218) 262-1497
E-mail:                 legal@mesabimetallics.com]

With a copy to (which shall not constitute notice) to:

[                    ]

10.5.  <u>Headings</u>.  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

10.6.  <u>Confidentiality</u>.  The Litigation Trustee and each successor trustee and each member of the Litigation Trustee Advisory Board and each successor member of the Litigation Trustee Advisory Board (each a "**Covered Person**") shall, during the period that they serve in such capacity under this Agreement and following either the termination of this Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the SC Litigation Trust Assets relates or of which it has become aware in its capacity (the "**Information**"), except to the extent disclosure is required by applicable law, order, regulation or legal process.  In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person shall notify the Litigation Trustee Advisory Board reasonably promptly (unless prohibited by law) so that the Litigation Trustee Advisory Board may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section 10.6 (and if the Litigation Trustee Advisory Board seeks such an order, the relevant Covered Person will provide cooperation as the Litigation Trustee Advisory Board shall reasonably request).  In the event that no such protective order or other remedy is obtained, or that the Litigation Trustee Advisory Board waives compliance with the terms of this Section 10.6 and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Litigation Trustee Advisory Board written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

10.7.  <u>Plan</u>.  The terms of this Agreement are intended to supplement the terms provided by the Plan and, if applicable, the Confirmation Order.  Accordingly, in the event of any conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan or the Confirmation Order, on the other, the provisions of the Plan or the Confirmation Order, as applicable, shall govern and control.  In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern and control.

10.8.  <u>Cooperation</u>.  The Debtors and the Reorganized Company shall turn over or otherwise make available to the Litigation Trustee copies of all books and records reasonably required by the Litigation Trustee to investigate, prosecute, compromise, object to, and/or settle (a) the SC Claims, (b) affirmative claims or Causes of Action arising from or related to the SC Litigation Trust Assets, and (c) the SC Trust Claims, and agree to otherwise reasonably cooperate with the Litigation Trustee in carrying out its duties hereunder to the extent required under Section 8.6 of the Plan and the Transition Services Agreement.  The Litigation Trustee shall provide reasonable cooperation to the UC Litigation Trustee in respect of UC Litigation Trust Claims.

10.9.    Entire Agreement.  Except as otherwise provided in the Plan or the Confirmation Order, the Plan and this Agreement contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

10.10.    Amendment.  This Agreement may be amended by (a) order of the Bankruptcy Court; (b) in the event that the rights, duties, or obligations of the Reorganized Company are to be affected, with the express written consent of the Reorganized Company; (c) subject to the limitations imposed by (b), the approval or all parties hereto; or (d) in accordance with Section 8.9 of the Plan; *provided*, *however*, that the approval of the Bankruptcy Court shall be required for any changes or amendments to this Agreement that are inconsistent with the terms of the Plan or the Confirmation Order.  In the event that the Litigation Trust shall fail or cease to qualify as a Litigation Trust in accordance with Treasury Regulations Section 301.7701-4(d), this Agreement may be amended by the Litigation Trustee to the extent necessary for the Litigation Trustee to take such action as it shall deem appropriate to have the Litigation Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.7701-3 (but not a "publicly traded partnership" subject to Section 7704(a) of the Tax Code), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

10.11.    Meanings of Terms.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa, and words importing persons shall include firms, associations, corporations, and other entities. All references herein to Articles, Sections, and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules, or other law, statute, or regulation, refer to the corresponding Articles, Sections, and other subdivisions of this Agreement, and the word "herein" and words of similar import refer to this Agreement as a whole and not to any particular Article, Section, or subdivision of this Agreement.  The term "including" shall mean "including, without limitation."

10.12.    Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or electronic mail signature of any party shall be considered to have the same binding, legal effect as an original signature.

**[Remainder of Page Blank—Signature Page Follows]**

**IN WITNESS HEREOF**, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives, or agents, effective as of the date first above written.

**MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC), as Reorganized Company**

By: _____

Name:
Title:

**MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC) AND ESML HOLDINGS INC., as debtors in possession**

By: _____

Name:
Title:

**BRADLEY E. SCHER, as Litigation Trustee**

By: _____

Name:
Title:

Document comparison by Workshare Compare on Monday, June 12, 2017 10:04:22 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://AMERICAS_DMS/Americas/92893869/3 |
| Description | #92893869v3<Americas> - Ventura - Plan Document - SC Litigation Trust Agreement |
| Document 2 ID | interwovenSite://AMERICAS_DMS/Americas/92893869/5 |
| Description | #92893869v5<Americas> - Ventura - Plan Document - SC Litigation Trust Agreement |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 7 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 24 |