# EXHIBIT A

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>(Jointly Administered) |

**STIPULATION BY AND BETWEEN THE SC LITIGATION TRUSTEE, ESSAR PARTIES, AND SC LENDERS REGARDING RESOLUTION OF ALL REMAINING MATTERS BEFORE THIS COURT**

Bradley E. Scher, in his capacity as the litigation trustee (the "**SC Litigation Trustee**") for the SC Mesabi Litigation Trust (the "**SC Litigation Trust**") established pursuant to the *Third Amended Chapter 11 Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* [D.I. 990] (the "**Plan**"),[2] Essar Global Fund Limited ("**Essar Global**"), Essar Energy Solutions Limited ("**EESL**"), Essar Projects Limited, Essar Projects (USA), LLC, and Essar Projects Middle East FZE (collectively with Essar Global and its affiliates, the "**Essar Parties**"), and Central Bank of India and the Export-Import Bank of India (together, "**SC Lenders**," and collectively, with the SC Litigation Trustee and Essar Parties, the "**Parties**") hereby submit this stipulation (the "**Stipulation**") relating to a resolution that, among other things, fully resolves the 9019 Motion, the Essar Adversary Proceeding, and the SC Lender Adversary Proceeding (each as defined below) and, in support thereof, respectfully state as

[1] Essar Steel Minnesota LLC has changed its name to Mesabi Metallics Company LLC ("**Mesabi**"). The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc. ("**Holdings**")'s federal taxpayer identification number are 8071.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan or the SC Litigation Trust Agreement, as applicable.

follows:

## RECITALS

### I. *General Background*

WHEREAS, on July 8, 2016 (the "**Petition Date**"), the above-captioned debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing the above-referenced, jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

WHEREAS, on September 30, 2016, SC Lenders filed proofs of claim nos. 144 and 154 as secured claims in the Chapter 11 Cases (collectively, the "**SC Lenders Claims**").

WHEREAS, on October 27, 2016, Essar Global and certain of its affiliates filed several proofs of claim in the Chapter 11 Cases (collectively, the "**Affiliate Claims**") totaling approximately $2.3 billion. Mesabi filed an omnibus objection seeking disallowance of certain of the Affiliate Claims [D.I. 533] (the "**Claims Objection**").

WHEREAS, on June 8, 2017, Mesabi and Holdings jointly filed their Plan, which the Court confirmed on June 13, 2017 [D.I. 1025] and became effective on December 22, 2017 (the "**Effective Date**") [D.I. 1398].

WHEREAS, on the Effective Date, two litigation trusts were established under the Plan: (a) the SC Litigation Trust with certain assets generally reserved for distribution on account of the Debtors' allowed prepetition secured claims and (b) the UC Litigation Trust with certain assets generally reserved on account of the Debtors' allowed unsecured claims. *See* Plan § 8.11. Bradley E. Scher was appointed as trustee for the SC Litigation Trustee (the "**SC Litigation Trustee**") and

Kevin Nystrom was appointed as trustee for the UC Litigation Trust ("**UC Litigation Trustee**," together, the "**Litigation Trustees**").

WHEREAS, pursuant to the SC Litigation Trust Agreement, the SC Litigation Trustee is entitled to receive compensation at a rate and in a manner to be determined by the SC Litigation Trust Advisory Board and reimbursement for all out-of-pocket expenses incurred by the SC Litigation Trustee in the performance of his duties in accordance with the SC Litigation Trust Agreement (the "**Trustee Compensation**"). *See* SC LTA, § 8.7.

WHEREAS, pursuant to the Plan and Confirmation Order, the Litigation Trustees' powers and responsibilities include, the rights to "prosecute, compromise, transfer, release, abandon, and/or settle the Transferred Causes of Action and the objections to Trust Claims on behalf of their respective Litigation Trusts," and "liquidate any remaining Litigation Trust Assets of their respective Litigations Trusts, and provide for the distributions therefrom in accordance with the provisions of the Plan." Confirmation Order ¶ 32; *see* Plan § 8.5.

WHEREAS, assets of the SC Litigation Trust include, in relevant part, "the SC Claims," which are defined as Tranche 1 Claims and Tranche 2 Claims (*see* Plan § 1.1(135)), and "any proceeds derived from any Insurance Coverage Action related to the SC Claims." *See* Plan § 1.1(139). Tranche 1 Claims are further defined to mean "all Transferred Causes of Action of any Debtor against any affiliate of any Debtor, other than Individual Claims" and Tranche 2 Claims mean "all Transferred Causes of Action of any Debtor, other than Individual Claims and Tranche 1 Claims." *See* Plan §§ 1.1(162)-(163). On the Effective Date, the assets of the SC Litigation Trust automatically vested in the SC Litigation Trust, free and clear.

WHEREAS, on December 27, 2018, Claim Nos. 112, 113, 160, and 161 filed in the Chapter 11 Cases by two of Mesabi's prepetition lenders (the Term Loan Lenders and the Project Finance Lenders) were transferred to Essar Energy Solutions Limited ("**EESL**") [D.I.s 1592, 1593, 1594, 1595]. As a result, EESL holds at least 86.48% of the beneficial interest in the SC Litigation Trust and two seats on the SC Litigation Trust Advisory Board.

WHEREAS, the SC Lenders have agreed to transfer and assign the SC Lenders Claims in their entirety to EESL (the "**Claim Transfers**").[3] Thus, EESL will be the owner of one hundred percent (100%) of the secured claims in the Chapter 11 Cases and beneficial interest in the SC Litigation Trust and hold all three seats on the SC Litigation Trust Advisory Board.

**II.** ***Essar Adversary Proceeding***

WHEREAS, on January 11, 2017, Mesabi commenced an adversary proceeding (Adv. Proc. No. 17-50001 (the "**Essar Adversary Proceeding**")) against Essar Global, Essar Projects Limited, Essar Projects USA, LLC, Essar Projects (India) Limited, Essar Projects Management Company Limited, Essar Constructions Limited, Essar Projects Middle East FZE, Essar Engineering Services Limited, Global Supplies FZE, and Essar Logistics Limited (collectively, the "**Corporate Defendants**") and certain individual former directors and officers of Mesabi.

WHEREAS, on the Effective Date, the SC Litigation Trust was vested with claims against the Debtors' affiliates, including the causes of action against the Corporate Defendants (but excluding the causes of action against individual defendants), as asserted in the Essar Adversary

[3] Such notice of Assignment of Claims evidencing the Claim Transfer will be filed in the Chapter 11 Cases.

Proceeding and other pending claims of the Debtors, including claims against SC Lenders in the SC Lender Adversary Proceeding (as defined below).

WHEREAS, on July 16, 2018, the Litigation Trustees filed a joint motion to: (i) substitute Mesabi as plaintiff in the Essar Adversary Proceeding, (ii) segregate litigation trust assets pursuant to the Plan, and (iii) amend the caption of the Essar Adversary Proceeding. Upon certification of counsel, the parties submitted an agreed order granting the motion, which the Court entered on August 10, 2018 [D.I. 59].

WHEREAS, on August 13, 2018, the SC Litigation Trustee filed the *Second Amended Complaint and Substantive and Non-Substantive Objections to Claim Nos. 179-186* [Adv. D.I. 60] against the Corporate Defendants. The second amended complaint alleged 31 claims for relief, all of which constitute Tranche 1 Claims and are property of the SC Litigation Trust.

WHEREAS, on September 12, 2018, three of the Corporate Defendants – Essar Global, Essar Project Management Company Limited, and Essar Constructions Limited – moved to dismiss seven of the 31 claims alleged in the second amended complaint (the "**MTD**"), which the Court granted in part and denied in part (with leave to replead certain claims) in a memorandum opinion dated May 23, 2019 [D.I. 112] and order entered on June 5, 2019 [D.I. 114]. The remaining Corporate Defendants (except Essar Engineering Services Limited, Essar Projects (India), and Global Supplies FZE) filed an answer to the other claims in the second amended complaint not subject to the MTD.

WHEREAS, on September 12, 2018, Essar Projects Limited, Essar Projects USA, LLC, and Essar Projects Middle East FZE filed a joint motion to compel arbitration on claims 1, 2, and 3 of the second amended complaint and stay the action as to those claims pending resolution of

the arbitration, which was granted by the Court in a memorandum opinion dated February 15, 2019 [D.I. 105] and order entered on March 7, 2019 [D.I. 109].

WHEREAS, on July 3, 2019, the SC Litigation Trustee filed the third amended complaint [Adv. Proc. 17-50001; D.I. 118], which incorporated the Claims Objection to the Affiliate Claims. Generally, Essar Parties deny the allegations asserted in such complaint.

## III. *SC Lender Adversary Proceeding*

WHEREAS, on July 20, 2018, the SC Litigation Trustee initiated a separate action, Adv. Proc. No. 18-50555 (the "**SC Lender Adversary Proceeding**," together with the Essar Adversary Proceeding, the "**Adversary Proceedings**"), against SC Lenders for fraudulent transfer, avoidance of liens, objections to (and disallowance of) SC Lenders' claims asserted in the Chapter 11 Cases, equitable subordination, and declaratory relief.

WHEREAS, on November 5, 2018, SC Lenders moved to dismiss this complaint [Adv. Proc. 18-50555; D.I. 10, 11]. After full briefing and a hearing on the merits on June 26, 2019, the Court issued an opinion on October 15, 2020, granting SC Lenders' dismissal motion with leave to replead [Adv. Proc. 18-50555; D.I. 29].

WHEREAS, on February 12, 2021, the SC Litigation Trustee filed an amended complaint against SC Lenders in the SC Lender Adversary Proceeding [Adv. Proc. 18-50555; D.I. 35]. Generally, SC Lenders deny the allegations asserted in such complaint.

WHEREAS, the SC Litigation Trustee and SC Lenders engaged in settlement discussions and entered into numerous stipulations to extend SC Lenders' response deadline (currently, April 28, 2025) [Adv. Proc. 18-50555; D.I. 106].

## IV. *The 9019 Motion*

WHEREAS, after extensive arm's-length negotiations in good faith, on April 8, 2020, the SC Litigation Trustee filed a motion to approve a settlement between certain Corporate Defendants, which contemplated a resolution of the Essar Complaint and the Essar Adversary Proceeding, and agreement regarding the SC Litigation Trustee's reduced compensation on account of funds received by the SC Litigation Trust [Adv. Proc. 17-50001; D.I. 148] (the "**9019 Motion**"). The sole objection to the 9019 Motion was filed by SC Lenders [Adv. D.I. 17-50001; D.I. 154], to which the SC Litigation Trustee replied [Adv. D.I. 17-50001; D.I. 156].

WHEREAS, in connection with the 9019 Motion, the SC Litigation Trustee and Essar Parties entered into a certain escrow agreement (the "**Escrow Agreement**"), pursuant to which certain escrowed funds were deposited with Lazare Potter Giacovas & Moyle LLP.

WHEREAS, the 9019 Motion was fully briefed but never adjudicated to allow additional time for the parties to explore the prospects of a global settlement.

WHEREAS, after extensive and concerted efforts and continued good faith negotiations, certain of the Essar Parties and their affiliates (specifically, Essar Capital Limited, Essar Energy Solutions Limited, Essar Projects Limited, Mesabi, and Nubai Global Investment Limited) and SC Lenders reached an agreement, subject to this Court's approval of this Stipulation, regarding the Claim Transfers and fully resolving all of the remaining matters before this Court involving Essar Parties and SC Lenders, including (i) the withdrawal of the 9019 Motion, (ii) the dismissal with prejudice of the Essar Adversary Proceeding; and (iii) the dismissal with prejudice of the SC Lender Adversary Proceeding (the "**Remaining Matters**").

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises hereinafter contained, the Parties, intending to be legally bound, through their respective counsel, hereby stipulate and agree as follows:

## STIPULATION

1. The above recitals are true and correct, incorporated herein by reference, and are made an integral part of this Stipulation.

2. This Stipulation shall be effective upon the date the order approving this Stipulation is entered on the docket of the Chapter 11 Cases (the "**Stipulation Effective Date**").

3. Upon, or no later than five business day after, the Stipulation Effective Date:

a. the 9019 Motion shall be deemed withdrawn without the need for any further action by or notice to any party or further order of this Court;

b. the Escrow Agreement shall be terminated and any and all escrowed funds shall be delivered to Essar Global;

c. the SC Litigation Trustee shall file a notice of stipulated dismissal with prejudice (a "**Dismissal Notice**"), substantially in the form attached hereto as **Exhibit 1**, in the Essar Adversary Proceeding; and

d. the SC Litigation Trustee shall file a Dismissal Notice, substantially in the form attached hereto as **Exhibit 2**, in the SC Lender Adversary Proceeding.

4. After entry of the Court's order approving the Stipulation, the SC Litigation Trustee shall be paid a further reduced compensation of all amounts due and owing for the Trustee Compensation, in one total payment, and any and all reasonable unpaid fees and out-of-pocket

expenses actually incurred by the SC Litigation Trustee's counsel shall be paid from the SC Litigation Trust.

5. After such payments in paragraph 4 above are paid and the Adversary Proceedings are dismissed with prejudice, the SC Litigation Trustee shall file a *Notice of Appointment of Successor Trustee*, substantially in the form attached hereto as **Exhibit 3**, and a *Notice of Substitution of Counsel*, substantially in the form attached hereto as **Exhibit 4** (collectively, the "**Notices**"), which shall be effective upon the filing of the Notices in the Chapter 11 Cases.

6. After the Stipulation Effective Date:

a. the SC Litigation Trustee (and any and all successor trustees) hereby irrevocably releases and discharges any and all known and unknown Claims and Causes of Action of the Litigation Trust (other than Claims that may arise from breach of this Stipulation) against (a) SC Lenders, (b) Essar Parties, and (c) each of their respective officers, directors, employees, agents, advisors, and representatives, which can be released and discharged by the SC Litigation Trustee on his behalf and on behalf of the SC Litigation Trust;

b. Essar Parties, and each of its subsidiaries, affiliates and any successors thereto, hereby irrevocably release and discharge any and all known or unknown Claims and Causes of Action of such parties arising out of or relating to the Remaining Matters, the Chapter 11 Cases, and the SC Litigation Trust (other than Claims that may arise from breach of this Stipulation), against the SC Litigation Trustee and each of its respective officers, directors, employees, agents, advisors, and representatives, that may have or could have been brought in any forum.

c. SC Lenders, and each of its subsidiaries, affiliates, and any successors thereto, hereby irrevocably release and discharge any and all known or unknown Claims and Causes of Action of such parties arising out of or relating to the Remaining Matters, the Chapter 11 Cases, and the SC Litigation Trust (other than Claims that may arise from breach of this Stipulation), against the SC Litigation Trustee and each of its respective officers, directors, employees, agents, advisors, and representatives, that may have or could have been brought in any forum.

7. The Parties acknowledge and agree that, upon the Stipulation Effective Date, the clerk of the Court shall make such revisions to the docket(s) as may be necessary to reflect the terms of this Stipulation.

8. This Stipulation resolves all outstanding disputes with respect to the Remaining Matters, and Essar Parties and SC Lenders shall be prohibited from asserting any claims related to the Remaining Matters against the Debtors, the Reorganized Debtor, the SC Litigation Trustee, or the UC Litigation Trustee.

9. This Stipulation constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof (except the Agreement with respect to Essar Parties and SC Lenders) and, except as otherwise expressly provided herein, are not intended to confer upon any other person any rights or remedies hereunder.

10. The undersigned persons represent and warrant that they have full authority to execute this Stipulation.

11. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of the Parties hereto or by order of the Court.

13. The Parties agree to execute any additional documents and take any further actions as may be reasonably necessary to effectuate the terms of this Stipulation.

14. Each of the Parties shall bear their own costs and expenses with respect to this Stipulation.

15. All representations, warranties, inducements, and/or statements of intention made by the Parties that relate to this Stipulation are embodied in the Stipulation, and none of the Parties relied upon, will be bound by or will be liable for any alleged representation, warranty, inducement or statement of intention that is not expressly set forth in this Stipulation.

16. The Court shall govern the interpretation and enforcement of this Stipulation pursuant to the laws of the State of Delaware, without regard to principles of conflicts of law.

17. Each Party has participated in and jointly consented to the drafting of this Stipulation and agrees that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

18. The Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

**IN WITNESS WHEREOF** and in agreement herewith, by and through their undersigned counsel, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: May 2, 2025
Wilmington, Delaware

Respectfully submitted,

*/s/ Laura Davis Jones*

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (No. 2436)
Timothy P. Cairns (No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
tcairns@pszjlaw.com

**WHITE & CASE LLP**
Ronald K. Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: rgorsich@whitecase.com

*Counsel to Bradley E. Scher, SC Litigation Trustee*

*/s/ R. Karl Hill*

**SEITZ, VAN OGTROP & GREEN, P.A.**
R. Karl Hill (No. 2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-0600
Facsimile: (302) 888-0606
E-mail: khill@svglaw.com

**LAZARE POTTER GIACOVES & MOYLE LLP**
David E. Potter (admitted *pro hac vice*)
Jaipat Singh Jain (admitted *pro hac vice*)
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (212) 758-9300
Email: dpotter@lpgmlaw.com
jjain@lpgmlaw.com

*Counsel for Essar Parties*

*/s/ Kimberly A. Brown*

**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Jennifer L. Cree (No. 5919)
919 N. Market Street, 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
cree@lrclaw.com

**BAILEY DUQUETTE P.C.**
James D. Bailey
104 Charlton Street, 1W
New York, NY 10014
Telephone: (212) 658-1946
Facsimile: (866) 233-5869
E-mail: james@baileyduquette.com

*Counsel for SC Lenders*

Dated: April 28th, 2025

**LITIGATION TRUSTEE:**

Bradley E. Scher, solely in his capacity as the SC Litigation Trustee

**ESSAR PARTIES:**

By:
Title:

On behalf of the Essar Parties

**SUCCESSOR TRUSTEE:**

Siddharth Kedia, solely in his capacity as the proposed Successor Litigation Trustee

**SC LENDERS:**

By:
Title:

On behalf of the SC Lenders

Dated: April ____, 2025

| LITIGATION TRUSTEE: | ESSAR PARTIES: |
| --- | --- |
| ______________________________ | ______________________________ |
| Bradley E. Scher, solely in his capacity as the SC Litigation Trustee | By: Ritish DOORBIZ<br>Title: Authorised signatory<br><br>On behalf of the Essar Parties |

| SUCCESSOR TRUSTEE: | SC LENDERS: |
| --- | --- |
| ______________________________ | ______________________________ |
| Siddharth Kedia, solely in his capacity as the proposed Successor Litigation Trustee | By:<br>Title:<br><br>On behalf of the SC Lenders |

Dated: April ____, 2025

**LITIGATION TRUSTEE:**

______________________________
Bradley E. Scher, solely in his capacity as the SC Litigation Trustee

**ESSAR PARTIES:**

______________________________
By:
Title:

On behalf of the Essar Parties

**SUCCESSOR TRUSTEE:**

______________________________
Siddharth Kedia, solely in his capacity as the proposed Successor Litigation Trustee

**SC LENDERS:**

______________________________
By:
Title:

On behalf of the SC Lenders

Dated: April 28, 2025

**LITIGATION TRUSTEE:**

Bradley E. Scher, solely in his capacity as the SC Litigation Trustee

**ESSAR PARTIES:**

By:
Title:

On behalf of the Essar Parties

**SUCCESSOR TRUSTEE:**

Siddharth Kedia, solely in his capacity as the proposed Successor Litigation Trustee

**SC LENDERS:**

Shikha.

By: Shikha Saurabh
Title: Assistant General Manager

On behalf of the SC Lenders

# EXHIBIT 1

## Dismissal Notice of Essar Adversary Proceeding

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>(Jointly Administered) |
| BRADLEY E. SCHER, solely in his capacity as SC Litigation Trustee for SC Mesabi Litigation Trust,<br><br>Plaintiff<br><br>v.<br><br>ESSAR GLOBAL FUND LIMITED; ESSAR PROJECTS LIMITED; ESSAR PROJECTS USA, LLC; ESSAR PROJECTS (INDIA) LIMITED; ESSAR PROJECT MANAGEMENT COMPANY LIMITED; ESSAR CONSTRUCTIONS LIMITED; ESSAR PROJECTS MIDDLE EAST FZE; ESSAR ENGINEERING SERVICES LIMITED; GLOBAL SUPPLIES FZE; ESSAR LOGISTICS LIMITED; DOES 1-500<br><br>Defendants. | Adv. Proc. No. 17-50001 (CTG) |

**NOTICE OF STIPULATED DISMISSAL WITH PREJUDICE**

Plaintiff Bradley E. Scher, solely in his capacity as the litigation trustee for the SC Mesabi

[1] Essar Steel Minnesota LLC is doing business as Mesabi Metallics Company LLC. The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

Litigation Trust (the "**SC Litigation Trustee**") and Defendants Essar Global Fund Limited, on behalf of itself and each of the other affiliate defendants, have agreed to dismiss the above-captioned adversary proceeding (the "**Adversary Proceeding**") with prejudice. *See* Case No. 16-11626 (CTG); D.I. ___. On ___________, 2025, the Court entered an order approving, among other things, the dismissal of this Adversary Proceeding with prejudice. *See* Case No. 16-11626 (CTG); D.I. ___. Accordingly, the SC Litigation Trustee hereby files this notice in the Adversary Proceeding. Each party shall bear its own attorneys' fees and costs.

Dated: __________, 2025
Respectfully submitted,


______________________________

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (No. 2436)
Timothy P. Cairns (No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
tcairns@pszjlaw.com

**WHITE & CASE LLP**
Ronald K. Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: rgorsich@whitecase.com

*Counsel to Bradley E. Scher, SC Litigation Trustee*

______________________________

**SEITZ, VAN OGTROP & GREEN, P.A.**
R. Karl Hill (No. 2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-0600
Facsimile: (302) 888-0606
E-mail: khill@svglaw.com

**LAZARE POTTER GIACOVES & MOYLE LLP**
David E. Potter (admitted *pro hac vice*)
Jaipat Singh Jain (admitted *pro hac vice*)
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (212) 758-9300
Email: dpotter@lpgmlaw.com
jjain@lpgmlaw.com

*Counsel for Essar Parties*

# EXHIBIT 2

## Dismissal Notice of SC Lender Adversary Proceeding

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>(Jointly Administered) |
| BRADLEY E. SCHER, solely in his capacity as SC Litigation Trustee for SC Mesabi Litigation Trust,<br><br>Plaintiff<br><br>v.<br><br>CENTRAL BANK OF INDIA, AND EXPORT IMPORT BANK OF INDIA,<br><br>Defendants. | Adv. Proc. No. 18-50555 (CTG) |

**NOTICE OF STIPULATED DISMISSAL WITH PREJUDICE**

Plaintiff Bradley E. Scher, solely in his capacity as the litigation trustee for the SC Mesabi Litigation Trust (the "**SC Litigation Trustee**") and Defendants Central Bank of India and Export Import Bank of India, have agreed to dismiss the above-captioned adversary proceeding (the "**Adversary Proceeding**") with prejudice. *See* Case No. 16-11626 (CTG); D.I. ____. On ___________, 2025, the Court entered an order approving, among other things, the dismissal of this Adversary Proceeding with prejudice. *See* Case No. 16-11626 (CTG); D.I. ____.

[1] Essar Steel Minnesota LLC is doing business as Mesabi Metallics Company LLC. The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

Accordingly, the SC Litigation Trustee hereby files this notice in the Adversary Proceeding. Each party shall bear its own attorneys' fees and costs.

Dated: ___________, 2025

Respectfully submitted,

______________________________

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (No. 2436)
Timothy P. Cairns (No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
tcairns@pszjlaw.com

**WHITE & CASE LLP**
Ronald K. Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: rgorsich@whitecase.com

*Counsel to Bradley E. Scher, SC Litigation Trustee*

______________________________

**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Jennifer L. Cree (No. 5919)
919 N. Market Street, 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
cree@lrclaw.com

**BAILEY DUQUETTE P.C.**
James D. Bailey
104 Charlton Street, 1W
New York, NY 10014
Telephone: (212) 658-1946
Facsimile: (866) 233-5869
E-mail: james@baileyduquette.com

*Counsel for SC Lenders*

# EXHIBIT 3

## Notice of Appointment of Successor Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>(Jointly Administered) |

**NOTICE OF RESIGNATION OF SC LITIGATION TRUSTEE AND APPOINTMENT OF SUCCESSOR LITIGATION TRUSTEE**

**PLEASE TAKE NOTICE** that, pursuant to section 9.1 of the SC Mesabi Litigation Trust Agreement, Bradley E. Scher, in his capacity as the litigation trustee (the "**SC Litigation Trustee**") for the SC Mesabi Litigation Trust (the "**SC Litigation Trust**") established pursuant to the *Third Amended Chapter 11 Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* [D.I. 990] (the "**Plan**")[2] in the above-captioned case hereby submits this notice of resignation as the Trustee of the SC Litigation Trust, effective immediately (i) after the dismissals of (a) the adversary proceeding against Essar Parties, Adv. Proc. No. 17-50001 and (b) the adversary proceeding against SC Lenders, Adv. Proc. No. 18-50555, each with prejudice and (ii) upon the filing of this Notice with the Bankruptcy Court

---

[1] Essar Steel Minnesota LLC has changed its name to Mesabi Metallics Company LLC ("**Mesabi**"). The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan or the SC Litigation Trust Agreement.

(notwithstanding any terms and conditions to the contrary in the SC Litigation Trust Agreement), as agreed to by the Litigation Trustee Advisory Board and the SC Litigation Trust Beneficiaries.

**PLEASE TAKE FURTHER NOTICE** that the Litigation Trustee Advisory Board for the SC Litigation Trust has appointed Siddharth Kedia as the successor litigation trustee (the "**Successor Litigation Trustee**") of the SC Litigation Trust.

**PLEASE TAKE FURTHER NOTICE** that upon the filing of this Notice, the SC Litigation Trustee has hereby duly assigned, transferred, and delivered all of the liabilities, duties, powers, rights, title, discretion, and privileges of the SC Litigation Trustee to the Successor Litigation Trustee, and the Successor Litigation Trustee shall, without any further act, become vested with all such liabilities, duties, powers, rights, title, discretion, and privileges of the Trustee, each pursuant to the SC Mesabi Litigation Trust Agreement.

[*Signature pages follow*]

Dated: _______, 2025
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/_______________________________
Laura Davis Jones (No. 2436)
Timothy P. Cairns (No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

-and-

**WHITE & CASE LLP**
Ronald K. Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: rgorsich@whitecase.com

*Withdrawing Counsel to Bradley E. Scher, SC Litigation Trustee*

**SEITZ, VAN OGTROP & GREEN, P.A.**

_______________________________
R. Karl Hill (No. 2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-0600
Facsimile: (302) 888-0606
E-mail: khill@svglaw.com

-and-

**LAZARE POTTER GIACOVES & MOYLE LLP**
David E. Potter (admitted *pro hac vice*)
Jaipat Singh Jain (admitted *pro hac vice*)
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (212) 758-9300
Email: dpotter@lpgmlaw.com
jjain@lpgmlaw.com

*Counsel to Siddharth Kedia, as Successor Litigation Trustee*

Dated: _______, 2025
Wilmington, Delaware

**RESIGNING TRUSTEE:**
Bradley E. Scher, as litigation trustee for the SC Mesabi Litigation Trust:

By: ___________________________
Title: SC Litigation Trustee

**SUCCESSOR LITIGATION TRUSTEE:**
Siddharth Kedia, as appointed successor trustee for the SC Mesabi Litigation Trust:

By: ___________________________
Title: Successor Litigation Trustee

# **EXHIBIT 4**

**Notice of Substitution of Counsel**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>(Jointly Administered) |

**NOTICE OF APPEARANCE AND SUBSTITUTION OF COUNSEL**

**PLEASE TAKE NOTICE** that, White & Case LLP and Pachulski Stang Ziehl & Jones LLP hereby withdraw their respective appearance as counsel to Bradley E. Scher, in his capacity as the litigation trustee[2] for the SC Mesabi Litigation Trust (the "**SC Litigation Trust**") established pursuant to the *Third Amended Chapter 11 Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc.* [D.I. 990] (the "**Plan**") in the above-captioned case, effective immediately (i) after the dismissals of (a) the adversary proceeding against Essar Parties, Adv. Proc. No. 17-50001 and (b) the adversary proceeding against SC Lenders, Adv. Proc. No. 18-50555, each with prejudice and (ii) upon the filing of this Notice, and Lazare Potter Giacovas & Moyle LLP and Seitz, Van Ogtrop & Green, P.A. enter their appearance as counsel to Siddharth Kedia, in his capacity as the duly-appointed successor litigation

---

1 Essar Steel Minnesota LLC has changed its name to Mesabi Metallics Company LLC ("**Mesabi**"). The last four digits of its federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

2 The *Notice of Resignation of SC Litigation Trustee and Appointment of Successor SC Litigation Trustee* is filed concurrently herewith.

trustee for the SC Litigation Trust, pursuant to Rules 2002 and 9010(b) of the Federal Rules of Bankruptcy Procedures.

Dated: _________, 2025
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/*________________________________
Laura Davis Jones (No. 2436)
Timothy P. Cairns (No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

-and-

**WHITE & CASE LLP**
Ronald K. Gorsich (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071-2433
Telephone: 213) 620-7700
Facsimile: (213) 452-2329
Email: rgorsich@whitecase.com

*Withdrawing Counsel to Bradley E. Scher, SC Litigation Trustee*

**SEITZ, VAN OGTROP & GREEN, P.A.**

*/s/*________________________________
R. Karl Hill (No. 2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-0600
Facsimile: (302) 888-0606
E-mail: khill@svglaw.com

-and-

**LAZARE POTTER GIACOVES & MOYLE LLP**
David E. Potter (admitted *pro hac vice*)
Jaipat Singh Jain (admitted *pro hac vice*)
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (212) 758-9300
Email: dpotter@lpgmlaw.com
jjain@lpgmlaw.com

*Counsel to Siddharth Kedia, as Successor Litigation Trustee*